A. C. FREEMAN, *Appellant*, v. ALETHEA R. TUCKER, *Appellee.*

Opinion Filed March 27, 1920.

1. Where the vendor after the contract conveys the land to a purchaser who takes with notice of the contract or who does not part with a valuable consideration, such grantee holds the land as a constructive trustee and is a necessary party in a suit to enforce specific performance.

2. A court of equity will not entertain jurisdiction where the sole object of the bill is to obtain compensation for the breach of the contract except where the contract is of an equitable nature, when the complainant knew the defendant had conveyed the land; but the rule is otherwise when the complainant at the time of the filing of his bill did not know the land had been conveyed.

3. A bill for speflic performance setting up fraud in the conveyance to a third party and not making the third party a defendant in such a proceeding is demurrable for want of necessary party.

An Appeal from the Circuit Court for DeSoto County, John S. Edwards, Judge.

Decree reversed.

*Leitner & Leitner,* for Appellant;

*Eppes Tucker, Sr.,* for Appellee.

WILLS, Circuit Judge.—Appellee brought a suit against the appellant above to enforce the specific performance of a contract for the sale of land. In the amended bill of complaint it is alleged that after the making of the con-

tract to convey, the defendant by deed conveyed an undivided half interest in the land to another party, which deed was a voluntary conveyance and made for the purpose of defrauding complainant of her just rights in the property. The prayer is that "be required by the judgment and decree of this court to make, execute and deliver to your oratrix a good and clear title by deed of conveyance in fee simple for said lots 'H' and 'I' in Block 6 in the town of Punta Gorda, Florida, free from encumbrance, and to pay to your oratrix whatever sums shall be found to be due to her on account of the rents and profits on said lots since he took charge of the same as the agent of your oratrix down to the present date; or that if he be unable from any cause to deliver the deed aforesaid, that he be required to pay to your oratrix in lieu thereof the value of the said lots at the time when payment therefor was completed and when the deed of conveyance was due to have been delivered, which was not later than November 18, 1906, which amount your oratrix says was the sum of $990.00. And that your oratrix may have such other and further relief in the premises as equity may require, and to your honor shall seem meet and proper."

A demurrer to the amended bill of complaint on the ground that A. C. Freeman is not the only proper party to the bill was overruled. Two pleas were filed and stricken by the chancellor. An appeal from these interlocutory orders was taken by the defendant.

"Where the vendor or lessor, after the contract conveys the land to a purchaser who takes with notice of the contract, actual or constructive, or who does not part with a valuable consideration for his purchase, such

grantee takes and holds the land as a constructive trustee for the vendee or lessee, and may be compelled at his suit to perform the original contract by conveying or leasing the land to the vendee or lessee." 36 Cyc. 761; Pomeroy's Specific Performance of Contracts (2nd ed.) Sec. 493.

"All parties claiming an interest in the land obtained from the vendor subsequent to the contract, and with notice of the contract, have been held to be necessary defendants." 36 Cyc. 768. See also Fagan v. Barnes, 14 Fla. 53, text 57; 25 R. C. L. 427; Drake Lumber Co. v. Branning, 66 Fla. 543, 64 South. Rep. 263. Drake v. Brady, 57 Fla. 393, 48 South. Rep. 978.

The bill of complaint is predicated upon an equity for specific performance with an accounting as an incident; and as the complainant alleges a conveyance of an interest in the land, it was encumbent upon the complainant to make necessary parties, which includes the voluntary grantee from the vendor; and this is so even though there is an alternative prayer for damages if title cannot be conveyed.

"While a court of equity does not entertain jurisdiction where the sole object of the bill is to obtain compensation for the breach of a contract, except where the contract is of equitable cognizance merely, it would seem that if the complainant filed his bill in good faith, supposing at the time he instituted his suit that a specific performance could be granted, and not knowing that the defendant had previously parted with the title, the bill may be retained for compensation. Walworth, Ch., Moss v. Elmendorf, 11 Paige, 277. Hatch v. Cobb, 4 John. Ch. 559. (Kent, Ch.) Kimpshall v. Stone, 5 Id. 193. Wood-

ward v. Harris, 2 Barb. Sup. Ct. R. 439. Willard's Eq. Jur. 291. See Wiswall v. McGowan, 1 Hoff. Ch. 125." Fry on Specific Performance of Contracts (New Ed. Am. Notes), p. *347 Note.

The bill will not be retained to award damages when specific performance cannot be granted, because of the absence of necessary parties, since the complainant alleges a conveyance by the defendant of an interest in the land to a third party, thus showing a knowledge of facts that would preclude specific performance on the bill as framed.

The court will not retain the bill to award damages where the complainant knew a conveyance of title could not be made by the party against whom the suit is brought. See Fry on Specific Performance of Contracts (New Ed. Am. Notes) p. 451 Notes.

There being an absence of a necessary party, the demurrer to the amended bill of complaint on that ground should have been sustained.

The pleas were properly stricken.

The decree overruling the demurrer to the bill of complaint should be reversed and the cause remanded for appropriate proceedings.

PER CURIAM.—The record in this cause having been considered by this court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the court as its opinion, it is considered, ordered and adjudged by the court that the decree herein be and the same is hereby reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.