394 So.2d 538 (1981)
Arthur CACARO, Petitioner,
v.
Leslie L. SWAN and Christine F. Swan, His Wife, Respondents.
No. 80-1055.
District Court of Appeal of Florida, Fourth District.
February 25, 1981.
*539 Thomas A. Bell of Reynolds & Marchbanks, Boca Raton, for petitioner.
Edward Oddo, Jr., Pompano Beach, for respondents.
HERSEY, Judge.
The petitioner, Cacaro, seeks review, by petition for a common law writ of certiorari, of an order of the Circuit Court denying dissolution of a notice of lis pendens filed by respondents, Mr. and Mrs. Swan.
Respondents, after executing and delivering to petitioner a "Condominium Deposit and Receipt Contract" which is, in essence, a purchase and sale agreement for certain real property, filed suit seeking specific performance of that agreement. Respondents allege in their complaint that they were damaged by the delay resulting from petitioner's refusal to close and perform, thereby incurring lost rents and profits as well as increased bank interest rates and loss of bargain. Respondents also recorded the notice of lis pendens which petitioner subsequently moved to discharge in accordance with Section 48.23, Florida Statutes (1979).
The trial court, after hearing, denied both the motion to discharge the Lis Pendens and a motion to dismiss Counts I, II and III of the complaint.
The respondents' cause of action was not based upon either a mechanic's lien or a recorded instrument, but rather upon an unrecorded contract to convey real property. Accordingly, the lis pendens comes within the purview of Section 48.23(3), Florida Statutes (1979) which states:
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
This enactment by the legislature, in practical effect, was to ensure that the safeguards applicable to injunctions, such as notice, the posting of an adequate bond, and the showing of irreparable harm, may be made applicable to a lis pendens.
Our sister court has held that a notice of lis pendens such as the one involved here may not be filed without a prior court hearing consistent with all requirements for the issuance of an injunction. Kirk v. Baumann, 336 So.2d 125 (Fla.2d DCA 1976) and see the dissent in Musselwhite v. Raimey, 348 So.2d 330 (Fla. 1st DCA 1977).
For several reasons we do not so interpret the statute. First, a lis pendens is not an injunction nor is it the equivalent of an injunction. While it may constrain alienability by virtue of constituting notice of the claim asserted in the litigation it does not prohibit alienation. It is a matter of notice and indirectly, of jurisdiction over the property described in the notice. It prevents enforcement against the property of liens unrecorded as of the date of filing of the notice. If hearing is a prerequisite then unrecorded liens may well become recorded liens between the time of filing of the complaint and the recording of a notice of lis pendens after notice and hearing. This defeats at least one purpose of lis pendens.
Secondly the statute does not expressly require a hearing before the recording of the notice of lis pendens. Any such requirement must therefore arise only inferentially. With all due respect to those who have previously expressed a contrary view we think that the legislature could have *540 imposed a pre-hearing requirement and therefore would have if one had been intended. The statute attaches only two consequences to the filing of a notice of lis pendens where the relief sought is neither founded upon a mechanic's lien nor a recorded instrument: the notice expires after one year if not extended by order of the court and "control and discharge" of the notice as in the case of granting and dissolving injunctions is vested in the trial court. We faile to find in this the basis for an inference that a pre-hearing is statutorily mandated.
Additionally, a purchase and sale agreement involving real property may be either in recordable or non-recordable form. Limiting the initial useful life of lis pendens to one year in the case of an unrecorded instrument has a certain logic to it, particularly where the trial court may extend the period if it is warranted. Absolutely prohibiting the recording of a notice without prior hearing in the one case but not in the other is not a reasonable or logical consequence, being based as it is on the mere formality of adding an appropriate acknowledgement to create the distinction.
Returning to a consideration of the issue made here we hold that the notice of lis pendens was not subject to motion to discharge simply because there was no hearing prior to its recording. The notice was, however, subject to the trial court's control as in the case of an existing injunction. Therefore the burden was on the moving party to establish that the lis pendens was inappropriate to the circumstances and cause of action stated in the complaint.
The pleadings filed in this court indicate that an evidentiary hearing was held on the motion to dissolve the lis pendens. No transcript of that hearing has been filed in these proceedings. The allegations of the petition filed here are not an adequate substitute for the record. The burden was on petitioner to show a departure from the essential requirements of law for which no remedy by appeal will lie. It may well be that sufficient evidence was adduced at the hearing to warrant the issuance of an injunction.
Without a record to establish that the evidence failed to justify the issuance of an injunction (or the continuance of a lis pendens) we are unable to discern any error in failing to grant the motion for discharge.
Certiorari denied.
ANSTEAD and MOORE, JJ., concur.