DAUKSCH, Judge.
This is an appeal from an order dismissing a mechanic’s lien foreclosure action.
This is a case of first impression and we are asked to interpret the meaning of “deliver” as it is meant in section 713.-06(3)(d)(l):
The contractor shall give to the owner an affidavit stating, if that be the fact, that all lienors under his direct contract have been paid in full or, if the fact be otherwise, showing the name of each lienor who has not been paid in. full and the amount due or to become due each for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished. The contractor shall have no lien or right of action against the owner for labor, services, or materials furnished under the direct contract while in default for not giving the owner the affidavit. The contractor shall execute the affidavit and deliver it to the owner at least 5 days before instituting an action as a prerequisite to the institution of any action to enforce his lien under this chapter, even if the final payment has not become due because the contract is terminated for a reason other than completion and regardless of whether the contractor has any lienors working under him or not.
Five days before filing suit appellant mailed the executed affidavit to the owner. The owner received it in the mail 4 days before suit was filed. The question is whether mailing satisfies the statutory requirement.
Before the statute was amended in 1963 it provided merely that the affidavit must be delivered to the owner before suit could be filed.
*1239 (3) When final payment becomes due the contractor from the owner, the contractor shall give to the owner a statement under oath stating, if that be the fact, that all lienors contracting directly with or directly employed by such contractor have been paid in full or, if the fact be otherwise, showing the name of each such lienor who has not been paid in full and the amount due or to become due each for labor or services performed or materials furnished and describing in a general way such labor, services, or materials. The contractor shall have no lien or right of action against the owner for labor or services performed or materials furnished under his contract while in default by reason of not giving the owner such statement under oath.
See. 84.04(3), Fla. Stat. (1961).
There was no requirement for a five day notice in the previous statute and we do not know why the statute was changed in this way. We sought to obtain the minutes or committee notes or transcripts of hearing in the legislature to see why the 5 day period was inserted. We could not get them.
In trying to discern the reason for the insertion of the five day period we have considered various possibilities. The most logical seems to be that the legislature intended to allow time for mailing while at the same time allowing sufficient time for the owner to pay before suit is filed.[1]
Both counsel have presented and we realize there are good arguments on both sides so we are put into the position of having to opt for what we deem to be the fairest for all parties. It is our holding that evidence of proper posting in the mail of the affidavit at least 5 days before filing suit is compliance with the statute. That way notice is actually given, and assuming the mails are delivered timely, received. If we were to rule the other way then a contractor in a position of jeopardy vis-a-vis a financially sinking owner may have to try to effect, and prove, a personal delivery.
The order dismissing the foreclosure action is reversed and this cause remanded for further proceedings.
REVERSED AND REMANDED.
COBB and COWART, JJ., concur.

. Most likely all first-year law students learned in "Contracts I” that acceptance of an offer is effected when the letter containing the acceptance is properly posted in the mails.