424 So.2d 198 (1983)
STATE-WIDE CONSTRUCTION, INC., a Florida Corporation, Petitioner,
v.
Claude M. DOWDA and Donald N. Cooper, Respondents.
No. 82-1199.
District Court of Appeal of Florida, Fifth District.
January 5, 1983.
Robert G. Murrell, of Robert G. Murrell & Sons, Orlando, for petitioner.
R.L. Russell, of Van Den Berg, Gay & Burke, P.A., Orlando, for respondents.
SHARP, Judge.
State-Wide Construction, Inc. petitions this court for a writ of certiorari to review the trial court's discharge of petitioner's lis pendens filed in the public records against real property located in Orange County, Florida. The lis pendens was filed pursuant to section 48.23(1), Florida Statutes (1981),[1] in connection with petitioner's efforts to foreclose a mechanic's lien based on a recorded claim of lien on the property pursuant to section 713.22, Florida Statutes (1981). Petitioner argues it may lose its lien rights or priority status against the real property because of intervening *199 parties' interests during the litigation. The damages suffered by the error of the lower court in discharging the lis pendens could not be corrected by an appeal from the final judgment. We agree and grant the writ.[2]
The record presented to us shows no proper basis for the discharge of the lis pendens. The respondents argue the lis pendens must fall because the lower court dismissed the foreclosure suit. However, this ground has been superseded by this court's reversal of the dismissal. State-Wide Construction, Inc. v. Dowda, 418 So.2d 1238 (Fla. 5th DCA 1982).
Respondents further argue the dismissal was proper because the mechanic's lien was "transferred" from the real property to a surety bond pursuant to section 713.24(1), Florida Statutes (1981),[3] three weeks before petitioner filed its suit. However, the order appealed stated it was based on affidavits of the respondents  not the alleged bond. The bond was apparently never offered or produced in the lower court. Respondents filed as part of their appendix in this proceeding an uncertified copy of the clerk's certificate of transfer allegedly proving the existence of the bond. But since this evidence and this ground was not offered to nor considered by the lower court, it cannot be considered by us on appeal.[4] As petitioner points out, it has never had an opportunity to challenge the bond as to the correctness of its form or sufficiency of the amount.
For the reasons stated, we grant the writ of certiorari and we quash the discharge of the lis pendens.
CERTIORARI GRANTED; DISCHARGE QUASHED.
ORFINGER, C.J., and DAUKSCH, J., concur.
NOTES
[1] No action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is, containing the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected and a statement of the relief sought as to the property.
(b) The filing for record of such notice of lis pendens shall constitute a bar to the enforcement against the property described in said notice of lis pendens of all liens including but not limited to federal tax liens and levies, unrecorded at the time of filing for record such notice of lis pendens unless the holder of any such unrecorded lien shall intervene in such proceedings within 20 days after the filing and recording of said notice of lis pendens, and if the holder of any such unrecorded lien does not intervene in the proceedings, and if such proceedings are prosecuted to a judicial sale of the property described in said notice of lis pendens, the said property shall be forever discharged from all such unrecorded liens. In the event said notice of lis pendens is discharged by order of the court, the same shall not in any way affect the validity of any unrecorded lien.
§ 48.23(1), Fla. Stat. (1981).
[2] Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980); Hallmark Mfg. Inc. v. Lujack Constr. Co. Inc., 372 So.2d 520 (Fla. 4th DCA 1979); Santini Bros., Inc. v. Grover, 338 So.2d 79 (Fla. 4th DCA 1976).
[3] lien claimed under part I may be transferred, by any person having an interest in the real property upon which the lien is imposed or the contract under which the lien is claimed, from such real property to other security by either:
* * * * * *
(b) Filing in the clerk's office a bond executed as surety by a surety licensed to do business in this state... .
§ 713.24(1), Fla. Stat. (1981).
[4] Cf. Mackey v. McLarty, 138 Fla. 632, 189 So. 832 (1939) (a reviewing court may not consider questions based on assumptions not supported by the record).