ERVIN, Judge.
This is an appeal from a judgment directing specific performance of a land sales contract and damages of $2,500. We affirm the judgment as it relates to specific performance, but reverse the award of damages.
The appellant Coates owned a parcel of property in Pensacola which was subject to a lease conveyed to appellants Lutfi and Amori. Coates, under the impression that the lease was invalid, listed the property for sale with a realtor in March, 1981, informing the realtor of the invalid lease on March 9,1981. The realtor showed the property to Amori and to appellee, Hale, on March 21, 1981, at which time Hale was informed of the lease to Amori. Hale regarded the property as unique and wanted to purchase it since he was raised in the neighborhood and knew many of its people whom he believed he could attract to a bar he proposed to operate on the property. On March 27, 1981, Coates accepted Hale’s offer to purchase the property. As a consequence of the agreement, Hale withdrew $15,000 from a money market certificate, placing $14,000 of that amount into a savings account yielding V-k% interest so that the money would be available at closing, and giving the realtor the remaining $1,000 as earnest money. The contract for the purchase of the property provided that it was to be free from encumbrances. The realtor subsequently informed Hale that the property was not subject to any lease.
On May 27, 1981, Coates entered into a contract for the sale of the same property with Amori, and the realtor involved offered to return to Hale the $1,000 deposit. This contract for sale was made expressly subject to the Coates/Hale agreement. On June 22, 1981, Hale’s attorney sent a letter to Coates’ attorney advising Coates not to convey the property to Amori; that Hale was still interested in purchasing it. Nevertheless, on June 23, 1981, Coates conveyed the property to Amori. Hale sought not only specific performance of the Coates/Hale sales agreement, but also damages for breach of contract for lost rents from the Amori lease, lost interest caused by the withdrawal of the $15,000 from the money market certificate, and lost wages and expenses for time off to consult with lawyers and subcontractors. Finding that the Coates/Hale agreement had never been canceled or rescinded, the trial court granted Hale both specific performance of the agreement and $2,500 as incidental damages.
It has been established as a general rule that specific performance of a contract for the sale and conveyance of real property will not ordinarily be decreed against a vendor who lacks title and is therefore unable to comply with the contract because of his own act of conveying the property to a bona fide third party purchaser. 29A Fla.Jur. Specific Performance § 82 (1967). However, one who takes a conveyance, and who is not entitled to protection as a bona fide purchaser, takes subject to the interests of another under an earlier agreement by the vendor to convey. Dunson v. Stockton, Whatley, Davin & Co., 346 So.2d 603, 606 (Fla. 1st DCA 1977). If a conveyance is made under circumstances revealing that the vendor and subsequent purchaser are fully aware that the vendor had previously contracted to sell the property to another, it will be deemed fraudulent, and specific performance is then considered a proper remedy. Sperling v. Davie, 41 So.2d 318 (1949).
Because Hale had refused to accept the return of his $1,000 earnest money and his lawyer had sent a letter to Coates’ attorney stating Hale’s continued interest in the sales contract prior to the conveyance to Amori, we sustain as supported by competent and substantial evidence the trial court’s determination that Coates and Amo-ri had notice of the earlier contract to convey to Hale. Our decision is further bolstered by evidence disclosing that the Coates/Amori contract was made expressly subject to the Coates/Hale contract. Furthermore, since this case involves the sale of realty, which is unique, we conclude that money damages would be an inadequate remedy to Hale for breach of the land sales *763 contract. Equity ought to require doing that which should have been done, and, because Coates had unclean hands with respect to the second sales contract and conveyance to Amori, she is not in a position to complain that the remedy of specific performance is inappropriate. Henry v. Ecker, 415 So.2d 137, 140 (Fla. 5th DCA 1982).
The fact that the Coates/Hale agreement includes a clause providing that Hale is to receive the property free of all encumbrances and that neither Coates nor Hale could clear the property of the lease to Amori does not preclude enforcement of Hale’s rights to the property by specific performance of the contract. A buyer has the power to waive such a clause and to take as much of the title as he can get from the vendor. Black v. Clifton, 284 So.2d 465 (Fla. 4th DCA 1973). Accordingly, the lower court’s judgment is affirmed as it applies to the remedy of specific performance.
Regarding the issue of damages to which Hale is entitled, the general rule is that “such damages as the injured party may have suffered by reason of the defendant’s failure to perform” are appropriate. Miller v. Rolfe, 97 So.2d 132, 134 (Fla. 1st DCA 1957). Accordingly, the measure of damages would be that amount which would place Hale in the same position he would have occupied had the agreement been timely and fully performed. Applying this rule, we find that there is not competent, substantial evidence to support an award of damages for lost wages and expenses incurred for time off to consult with attorneys and subcontractors. Nor do we find any support in the record for any contention that these amounts stemmed from the breach itself.
As to the lost interest resulting from the transfer of the $14,000 to an account bearing a lower rate of interest, and of the $1,000 to the broker as earnest money, we find that to award that amount as damages would place Hale in a better position than if the contract had been timely performed. Hale would not have received the interest-differential the money market certificate would have yielded had the title been promptly conveyed to him under the terms of the sales agreement.
Additionally, no evidence was presented to support an award of damages for lost rents from the Amori lease. Accordingly, we find that Hale is not entitled to the damages alleged, and reverse the judgment as it applies to the award of $2,500.
AFFIRMED in part; REVERSED in part.
MILLS, J., and PEARSON, TILLMAN (Retired), Associate Judge, concur.