458 So.2d 45 (1984)
HALLMARK BUILDERS, INC., Petitioner,
v.
HICKORY LAKES OF BRANDON, INC., Respondent.
No. 84-1105.
District Court of Appeal of Florida, Second District.
October 17, 1984.
*46 Lynn James Hinson of Dean, Mead, Egerton, Bloodworth, Capouano & Bozarth, P.A., Orlando, for petitioner.
Vincent E. Damian, Jr., of Trenam, Simmons, Kemker, Scharf, Barkin, Frye & O'Neill, Miami, for respondent.
OTT, Acting Chief Judge.
Petitioner, plaintiff below, seeks review of an order denying its motion to amend a complaint for specific performance. Petitioner requested permission to add as a new defendant a party who allegedly purchased from respondent a portion of the real property in question. By the same order, the court sua sponte discharged a lis pendens filed by petitioner without affording petitioner notice and an opportunity to be heard. We grant the petition for writ of certiorari and quash the order of the lower court.
The initial complaint was for specific performance of a right of first refusal to purchase real property.[1] The second amended complaint which petitioner was denied permission to file alleges that while the suit was pending respondent conveyed a portion of the property in question to a third party, Interprop. The second amended complaint further alleges that Interprop had actual and/or constructive notice of petitioner's rights in the property at the time of the conveyance. Petitioner seeks to enforce its right of first refusal against Interprop.
Where a third-party purchaser is aware of a previous contract to sell to another, conveyance to the third party will be deemed fraudulent. Under such circumstances, an action for specific performance against the third party is proper. Coates v. Hale, 429 So.2d 761 (Fla. 1st DCA 1983). In Freeman v. Tucker, 79 Fla. 402, 84 So. 174 (1920), the court held that a third-party purchaser is an indispensable party to a suit for specific performance. Furthermore, failure to name the third party in the suit will subject the case to dismissal. Id. Unless petitioner is allowed to add Interprop as a party defendant, the court will be unable to determine the rights of all parties interested in the subject real property. We therefore conclude that the lower court's denial of petitioner's motion to amend is a departure from the essential requirements of law resulting in irreparable harm to petitioner.
Petitioner filed the notice of lis pendens when it filed the motion to amend. It is not founded on a duly recorded instrument. See § 48.23(3), Fla. Stat. (1983). A petition for writ of certiorari is the proper vehicle to challenge the dissolution of a lis pendens. See State-Wide Construction, Inc. v. Dowda, 424 So.2d 198 (Fla. 5th DCA 1983).
We hold that the trial court departed from the essential requirements of *47 law when it discharged the lis pendens without affording petitioner notice and an opportunity to be heard. See Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982). At any future hearing, respondent will have the burden of proving that the lis pendens is inappropriate. See Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA 1981).
Under section 48.23(2), a notice of lis pendens not founded on a duly recorded instrument is ineffectual beyond one year from the commencement of the action unless the court extends the time following reasonable notice and for good cause. We do not interpret this statute as a bar to initially filing the notice of lis pendens beyond one year from commencement. If the court can extend the effect of the notice of lis pendens beyond one year, it stands to reason that the court can allow it to be filed beyond one year of commencement in the first place.
We decline to address the merits of whether the lis pendens should or should not be discharged. The parties can present their arguments to the trial court.
Petition for writ of certiorari GRANTED.
SCHOONOVER and LEHAN, JJ., concur.
NOTES
[1] We previously reversed a summary judgment in this case entered in favor of respondent. See Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 444 So.2d 1047 (Fla. 2d DCA 1984).