PER CURIAM.
Petitioner seeks a writ of certiorari to quash an order that dissolved its amended notice of lis pendens. We have jurisdiction, Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984), and for the reasons stated below, we grant the petition.
Petitioner filed an amended notice of lis pendens in connection with its complaint for specific performance of an alleged contract for the sale of real property. The trial court dissolved the amended notice of lis pendens because petitioner filed the amended notice without prior judicial approval. The trial court found that such prior judicial approval was mandated because the underlying action was not based upon “a duly recorded instrument, or a mechanic’s lien,” § 48.23(3), Fla.Stat. (1989).
In Wiggins v. Dojcsan, 411 So.2d 894 (Fla. 2d DCA 1982), this court stated:
We held in Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976), that the statute required an order of court before filing *1019 of notice of lis pendens unless the action was founded on a recorded instrument or mechanic’s lien. At least one other district court has reached the opposite result. Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA 1981). We are persuaded by the logic expressed in Cacaro that a notice of lis pendens has only indirect effect on the alienability of the property, that the statute does not expressly require a hearing before filing of the notice, and that the legislature could have expressly provided for a hearing requirement had one been intended. We therefore depart from our holding in Kirk v. Baumann, supra, and herein hold that an order of court need not precede the filing of a valid notice of lis pendens.
See also Hough v. Bailey, 421 So.2d 708 (Fla. 1st DCA 1982). Based upon our decision in Wiggins, we hold that the trial court departed from the essential requirements of law in dissolving the amended notice of lis pendens solely because petitioner did not obtain prior judicial approval before filing the notice.
Respondent urges this court to deny the petition because the order dissolving the notice of lis pendens is correct on the merits in that it established at the hearing that the notice was “inappropriate to the circumstances and cause of action stated in the complaint.” Cacaro, 394 So.2d at 540. Generally, this court will not reverse a trial court’s ruling, even if based upon an erroneous theory, if the decision is supported by the evidence or an alternative theory. U.S. Home Corp. v. Suncoast Utilities, Inc., 454 So.2d 601 (Fla. 2d DCA 1984). In this case, however, it is readily apparent that the proceedings were dominated by the fact that petitioner did not obtain prior judicial approval before filing the notice. The trial court did not consider the testimony presented by the respondent in support of its motion to dissolve the notice of lis pendens. At this juncture, we will not rule on the merits of whether respondent established that the notice was inappropriate in this cause. That issue is best determined by the trial court after presentation and consideration of evidence and argument. See Hough, 421 So.2d at 709.
Accordingly, we grant the petition, quash the trial court’s order that dissolved the notice, and remand the cause for further proceedings in which the trial court shall consider whether the notice of lis pendens is appropriate in this matter and if so, whether a bond should be posted and in what amount.
FRANK, A.C.J., and THREADGILL and ALTENBERND, JJ., concur.