589 So.2d 420 (1991)
Louis CHIUSOLO, Petitioner,
v.
William KENNEDY and Moira Kennedy, Respondents.
No. 91-943.
District Court of Appeal of Florida, Fifth District.
November 14, 1991.
*421 Leonard R. Ross, Daytona Beach, for petitioner.
Richard A. Manzo of Law Offices of Manzo & Praver, P.A., Titusville, for respondents.

EN BANC OPINION
COBB, Judge.
The petitioner, Louis Chiusolo, seeks certiorari review[1] of a trial court order discharging his lis pendens filed in an action wherein the multi-count amended complaint sought, inter alia, to impose a resulting trust (Count V) and a constructive trust (Count VI) on certain described realty in Brevard County. The respondents, William and Moira Kennedy, moved to discharge the lis pendens and a hearing on that motion was held on April 29, 1991. At that time, the trial court reviewed the pleadings and, without taking evidence, determined that the allegations of the plaintiff's amended complaint did not show a sufficient connection to the real property in question to warrant a lis pendens and granted the motion for discharge.
Upon our review of the amended complaint, we find that the petitioner's allegations in Counts V and VI sufficiently showed a nexus with the real property in question so as to warrant an evidentiary hearing. Hence, the trial court procedurally departed from the essential requirements of law by its precipitous disposition of this issue without the taking of evidence. Other courts have held that, under these circumstances, an evidentiary hearing is a requisite entitlement of both parties. See, e.g., Feinstein v. Dolene, Inc., 455 So.2d 1126 (Fla. 4th DCA 1984); Andre Pirio Associates, Inc. v. Parkmount Properties, Inc., N.V., 453 So.2d 1184 (Fla. 2d DCA 1984); Glusman v. Warren, 413 So.2d 857 (Fla. 4th DCA 1982).
Although the pleading does allege a claim directly affecting the real property, it is clear from the pleadings that the plaintiff's action is not founded on a duly recorded instrument or on a mechanic's lien. Thus, the trial court may control and discharge the notice of lis pendens just as it can grant and dissolve injunctions. See § 48.23(3), Fla. Stat. (1989). Where a party burdened by an injunction moves to dissolve the injunction, the proponent of the injunction has the burden of proof. Shea v. Central Diagnostic Services, Inc., 552 So.2d 344 (Fla. 5th DCA 1989). Similarly, in an action not based upon a recorded instrument or mechanic's lien, the proponent of the lis pendens has the burden of proof at the evidentiary hearing held on the motion to dissolve the lis pendens. See DeLisi v. Smith, 401 So.2d 925 (Fla. 2d DCA 1981); contra, Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA), rev. dismissed, 402 So.2d 608 (Fla. 1981). At that hearing, the proponent of the lis pendens must show that his claim does affect the real property and that there is a substantial likelihood he will be successful on the merits. If this showing is made, he is entitled to the security of the lis pendens and it does not matter that he may have some other source of recovery. See Baghaffar v. Story, 515 So.2d 1373 (Fla. 5th DCA 1987). Our decision herein is in conflict with our prior holding in Sparks v. Charles Wayne Group, 568 So.2d 512 (Fla. 5th DCA 1990) that the burden of proof at the evidentiary hearing is on the party seeking dissolution of the lis pendens. Therefore, we herewith recede, en banc, from that opinion's holding on that issue. We also acknowledge and certify conflict with the contrary dictum in Cacaro.
Accordingly, the petition for certiorari is granted, the order discharging the lis pendens is quashed, and this cause is remanded *422 for an evidentiary hearing pursuant to section 48.23(3), Florida Statutes (1989) and Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984).
ORDER QUASHED; CAUSE REMANDED.
GOSHORN, C.J., and DAUKSCH, COWART, HARRIS, PETERSON, GRIFFIN and DIAMANTIS, JJ., concur.
W. SHARP, J., concurs in part, dissents in part, with opinion.
W. SHARP, Judge, concurring in part, dissenting in part.
I concur with that portion of the opinion holding that the trial court departed from the essential requirements of law in not affording an evidentiary hearing. I respectfully dissent from that portion of the opinion receding from our prior holding in Sparks v. Charles Wayne Group, 568 So.2d 512 (Fla. 5th DCA 1990). The burden of proof at the evidentiary hearing is properly placed on the party moving for discharge of the lis pendens.
In both cases the party who filed a lis pendens established through pleadings (and affidavits in Sparks) that their causes of action had close "connections" with the real property in question. In Sparks, the filing party was a vendee of real estate under a contract to buy, who had paid funds to the vendor, but who had no deed. The unpaid vendor who has given a deed, and the vendee who has paid but not received a deed, are examples of persons equity has traditionally protected by allowing them to file a lis pendens.
In the case sub judice as well as in Sparks, this initial showing was made by something short of a full evidentiary hearing. At that point, the party who filed the lis pendens should prevail. That is what we held in Sparks and that is what this case should hold. However, if the record owner of the real estate wishes to go beyond this stage and challenge the filing of the lis pendens in an evidentiary hearing, as did not happen here or in Sparks, then the challenging party should have the burden of proof pursuant to section 48.23(3). See Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA), rev. dismissed, 402 So.2d 608 (Fla. 1981). If not, the merits of the case will necessarily be tried prematurely.
For example, if the filing party has established its status as an unprotected vendor or vendee or other beneficiary of a resulting trust, the challenging party will seek to challenge those underlying facts at this injunction hearing. It will claim to win a battle of contrary affidavits, citing this case as authority that the filing party failed to carry its burden of proof. In other words, the hearing to dissolve the lis pendens will necessarily be converted into a hearing on the merits, if the present view of this court prevails.
That is not the intent of section 48.23(3). A better view of the statute is that after the filing party has made a sufficient showing by pleadings, affidavits, or testimony, to establish a need for the traditional equitable remedy of lis pendens, until the merits of the cause can be determined, it is up to the challenging party to establish at an evidentiary hearing why the lis pendens is not required in this case. That may entail the offer to post a bond to protect the filing party's position, or some other fact-specific situation, which persuades the court that the filing party's interests can be otherwise protected, pending the determination of the case on the merits.
Section 48.23(3) only uses the reference to "granting and dissolving injunctions" by way of analogy. It should not be read literally. Cacaro. Nor should it be construed to require a premature trial on the merits, to have the continuing right to lis pendens protection.
NOTES
[1] See State-wide Const., Inc. v. Dowda, 424 So.2d 198 (Fla. 5th DCA 1983).