PER CURIAM.
We treat this non-final appeal as a petition for certiorari with respect to a discharge of a lis pendens,[1] and grant the petition.
A final judgment of dissolution of the parties’ marriage incorporated their property settlement agreement disposing of matters relating to custody, the parties’ alimony and distribution of property. Steven Finkelstein (Steven) sought to modify the final judgment to require Roberta Finkel-stein (Roberta) to pay child support, despite the agreement’s provision absolving her from such payment. Roberta counterclaimed to set aside the property settle *716 ment portion of the judgment. Part of the property settlement provided that she transfer her interest in the marital residence to her husband.
Roberta filed a notice of lis pendens describing the marital residence. Steven moved to discharge the lis pendens on the grounds that he would be irreparably harmed if the notice was not dissolved because he would be unable to proceed with a pending mortgage refinancing. The trial court granted Steven’s motion to discharge, stating that its basis for granting the motion was that the discharge of the notice of lis pendens would not harm Roberta.
Where an initial pleading does not show that the action is founded on a duly recorded instrument or mechanic’s lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions. § 48.23(3), Fla.Stat. (1991). This court has held that under section 48.23(3) two consequences attach to the filing of a notice of lis pendens where “the relief sought is neither founded upon a mechanic’s lien nor a recorded instrument: the notice expires after one year if not extended by order of the court and ‘control and discharge’ of the notice as in the case of granting and dissolving injunctions is vested in the trial court.” Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA), pet. for review dismissed, 402 So.2d 608 (Fla.1981). But see Chiusolo v. Kennedy, 589 So.2d 420 (Fla. 5th DCA1991) (en banc).
The party moving for the discharge of a notice of lis pendens has the burden of proving that the lis pendens was inappropriate to the circumstances and cause of action stated in the complaint. Cacaro, 394 So.2d at 539. Contra Chiusolo, 589 So.2d at 421. See also Sparks v. Charles Wayne Group, 568 So.2d 512 (Fla. 5th DCA1990), receded from en banc in Chiusolo.
The Sparks court had held that the person filing the notice of lis pendens did not need to prove irreparable injury or inadequate remedy at law in order to protect an equitable lien since the only way to protect an unrecorded interest in real property is by a lis pendens. Sparks, 568 So.2d at 518. Since no other adequate remedy is available, it would be redundant to require proof of irreparable injury or an inadequate remedy at law. Id. at 517-518. In receding from Sparks, the Fifth District, en banc, in Chiusolo, acknowledged conflict with this court’s Cacaro decision, and asserted that the proponent of a notice of lis pendens bears the burden of proving irreparable harm, an inadequate remedy at law and a substantial likelihood of success on the merits. Id. at 518.
Here, the trial court had the authority to dissolve the lis pendens just as it had the authority to dissolve an injunction, but Steven had the burden of proving that the notice of lis pendens should be discharged. Cacaro, 394 So.2d at 539. Steven failed to meet that burden. Therefore, the trial court departed from the essential requirements of the law by discharging the notice. The trial court specifically granted the discharge only to allow Steven to obtain refinancing. However, no consideration was given to placing others on notice that title to the property was the subject of litigation.
The record reflects that Roberta’s reason for seeking to maintain the lis pendens was clearly not to stop Steven from refinancing, but rather to put other potential creditors on notice of her interest. At the hearing on the motion, Roberta’s counsel told the court that Roberta would sign any documents for the bank which would be necessary to enable Steven to obtain refinancing. Roberta was willing to post a bond to insure that Steven would not be harmed by any damages resulting from the lis pen-dens in the event she did not obtain title to the property.
The trial court’s discharge of the notice of lis pendens on the sole grounds that a refinancing would not harm Roberta’s potential interest in the property was a departure from the essential requirements of the law and reversible error. See Sparks, 568 So.2d at 517-518. Steven did not present any evidence showing that Roberta would have an adequate remedy at law and would not suffer irreparable harm if the court discharged the notice of lis pendens. See *717 Cacaro, 394 So.2d at 540. We acknowledge conflict with Chiusolo with respect to the burden of proof issue.
We reverse and remand for further proceedings.
DOWNEY, HERSEY and STONE, JJ., concur.

. Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA1980)