POLEN, Judge.
The developer of the Sailfish Point community, among others, seeks review of an order denying in part its motion to dissolve a lis pendens. This court has certiorari jurisdiction. Space Dev., Inc. v. Florida One Constr., Inc., 657 So.2d 24 (Fla. 4th DCA 1995); Finkelstein v. Finkelstein, 603 So.2d 715 (Fla. 4th DCA 1992). We grant the petition for certiorari and quash the order, remanding for entry of an order on Petitioners’ Motion to Dissolve in accordance with this opinion.
Sailfish Point, Inc. (the developer) owns the Sailfish Point Utility Corporation, and the Sales Center, Utility, and Marina parcels located in the Sailfish Point community on the southern tip of Hutchinson Island in Stuart, Florida. Landowners within Sailfish Point filed declaratory actions against the developer alleging an implied covenant in the recorded Declaration of Covenants and Re *1285 strictions for Sailfish Point (the Declaration) prohibited the sale of the Utility Parcel unless sold to the Utility Corporation, the Owners’ Association, or a governmental entity. The landowners also alleged the Declaration required the Sales Center Parcel to be used only for marketing properties within Sailfish Point. They sought an injunction enjoining the developer fi’om conveying title to the Sales Center parcel to any third party unless the scope .of use was limited to marketing properties.
The landowners filed a Notice of Lis Pen-dens specifically identifying by plat book and page number the Utility Parcel, the Sales Center Parcel, and the Marina parcel. The lis pendens also placed a cloud on the stock of the Utility Corporation that operates the water and sewage treatment plant at the development. The developer moved to dissolve the lis pendens, and the trial court denied the developer’s motion as to the Utility Parcel and the Sales Center Parcel, granting the motion only as to the Marina Property. The court determined the landowners’ actions, as concerned the Utility Parcel and the Sales Center Parcel, were founded on the recorded Declaration. The Court also found a “fair nexus” existed between the plaintiffs complaints and the two subject pieces of property.
The purpose of a notice of lis pen-dens is to alert creditors, prospective purchasers and others to the fact the title to a particular piece of real property is involved in litigation. Berkley Multi-Units, Inc. v. Linder, 464 So.2d 1356 (Fla. 4th DCA 1985). The question of whether the Declaration in the instant case forms the statutory predicate for a lis pendens as of right, centers on whether this recorded document would put a good faith purchaser on notice of a cloud on the land’s title. Ross v. Breder, 528 So.2d 64, 65 (Fla. 3d DCA 1988). As the court explained in Mohican Valley, Inc. v. MacDonald, 443 So.2d 479 (Fla. 5th DCA 1984): “A duly recorded instrument constitutes notice to the public of plaintiffs legal or equitable interest in the subject property and the lis pendens gives further notice that a lawsuit has been filed which may affect the title to the property.” Id. at 481.
The parties agree the recorded Declaration provides in pertinent part:
Section 5. Title to the Utility Parcel: Developer reserves the option to retain title to the utility parcel or to convey any part or parts thereof. The grantee of any conveyance may be the Sailfish Point Utility Corporation, or the Association, or any government entity, provided that the utility parcel is subject to the provision of article IX of this declaration, as same may be amended.
⅜ * ⅜ *
Developer reserves the option to retain title to the sales center parcel or to convey any part or parts thereof. The grantee of any conveyance may be the Association, any Condominium Association or any builder, provided the sales center parcel is subject -to the provisions of article IX of this declaration, as same may be amended.
The developer argues the recorded Declaration may not form the basis for a lis pendens, because it does not create a cloud on the title of the Sales Center and Utility parcels. We disagree. The portions of the recorded Declaration quoted above restrict alienation of the Sales Center and Utility parcels. The recorded Declaration places a prospective purchaser on notice if it is not one of the parties approved to take title to these properties, the “approved” vendees will challenge the transfer and assert their claims. Therefore, the trial court was correct in denying the motion to dissolve the lis pendens founded on the Declaration as to the Sales Center and Utility parcels.
However, we find merit in the developer’s argument the lis pendens is overly broad in that it makes reference to those portions of the owners’ complaints seeking injunctive relief to prevent the sale of stock in the Utility company, to require the developer to deregulate the Utility, and to use the Sales Center parcel for a particular purpose. As to the owners’ attempt to give notice the developer might be compelled or enjoined to take certain actions unrelated to the ownership of the property in question, the lis pen-dens goes beyond the notice provisions of *1286 section 48.23(l)(a), Florida Statutes (1995), which sets forth the contents of the notice as:
[T]he names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property.
§ 48.23(1)(a), Fla.Stat. (1995).
The statute permits only a statement of the relief sought as to the property itself. Therefore, to the extent the notice of lis pendens includes unauthorized information, we direct the trial court to dissolve the notice.
Finally, the developer argues the lis pendens should be dissolved because it places a cloud on the title of the Utility stock and restricts their use of the real properties, while the Declaration merely places a restraint on the transfer of the properties. While a notice of lis pendens may be filed on personal property such as the Utility stock, see section 48.23(1)(a), Fla. Stat. (1995), the recorded Declaration does not place any restriction on the Utility stock and only mentions the parcels of land on which the Utility operates. Once the motion to dissolve was filed, the owners had the burden to prove a “fair nexus” between the stock and their lawsuit. The order makes no such finding, therefore the lis pendens should have been dissolved as to the Utility stock.
In summary, we grant the petition for certiorari and quash the order, remanding for entry of an order on petitioners’ motion to dissolve in accordance with this opinion.
GLICKSTEIN and PARIENTE, JJ., concur.