PER CURIAM.
Norwest Mortgage Inc. (Petitioner) seeks review of a non-final order of the Broward County circuit court which required it to issue a satisfaction of mortgage before receiving full payment of the total amount due. We grant the petition and quash the order on review.
*1140 Petitioner filed its complaint to foreclose the mortgage in question in December 1997. Its motions for summary judgment were continued repeatedly in order to allow the property owner, Barbara King (King), the time she needed first to quiet title and then to arrange financing in an attempt to satisfy the mortgage. In a letter dated December 20, 1999, Petitioner provided King with a payoff figure of $23,396.47, valid until January 14, 2000. The foreclosure expenses and escrow balance, reflecting the mortgagee’s payment of taxes and insurance on the property while the mortgage was in default, far exceeded the principal and interest on the loan itself, which totaled only approximately $8,000, and King requested a breakdown of these figures along with copies of invoices and receipts. Petitioner did not provide this information promptly and King did not pay off the mortgage by January 14.
In March 2000, King moved for “expedited final hearing and shorten discovery period and time to request for production,” in which she accused Petitioner’s counsel of intentionally delaying the case by failing to provide the requested details and asked the court to toll the interest on Petitioner’s loan, costs and attorney’s fees from the time of her loan closing, which had already taken place, until the matter was resolved. During two motion calendar hearings, Petitioner argued that the December 20 payoff letter was outdated and additional funds were now due under the mortgage; that it did not promptly provide the requested documentation because, due to the passage of so much time caused by King’s delay, some of the records were difficult to obtain; and that an evidentiary hearing was needed to adjudicate the merits of the foreclosure action.
In an order dated May 25, 2000, the trial court granted the relief that King requested, requiring King to place in the court registry only $23,396.47, the amount specified in the December 20 letter, whereupon the portion which King did not dispute, $11,228.34, would be distributed to Petitioner, and the disputed balance, $12,168.13, would remain in the court registry pending a determination of the appropriate expenses. Within ten days of receipt of the $11,228.34 by Petitioner’s counsel, the order required Petitioner to issue a satisfaction of mortgage. Norwest maintains that this amount does not adequately cover the amount due.
We find this order presents the prospect of irreparable harm necessary to the exercise of our certiorari jurisdiction. If Petitioner issues a satisfaction of mortgage before it receives full payment of the total amount it claims is due under its mortgage and later is determined to be entitled to more, its remedy on appeal will be inadequate in that it will no longer have the right to foreclose on the property to collect the difference. See generally Hallmark Mfg. Inc. v. Lujack Constr. Co., 372 So.2d 520 (Fla. 4th DCA 1979); Atkins v. Rybovich Boat Works, Inc., 561 So.2d 594 (Fla. 4th DCA 1990), quashed on other grounds, 585 So.2d 270 (Fla.1991); State-Wide Constr., Inc. v. Dowda, 424 So.2d 198, 198-99 (Fla. 5th DCA 1983).
Without an evidentiary hearing, the trial court was unable to determine that Petitioner was not entitled to receive proceeds in satisfaction of its mortgage in excess of the payoff figure it identified would be good only until January 14, 2000.
Section 701.04(1), Florida Statutes, requires a mortgagee to execute and record a satisfaction of the mortgage within sixty days after receipt of full payment. What is full payment is disputed in this case. Under the terms of the mortgage in question, the mortgagor’s default would entitle Petitioner to recover costs, attorney’s fees, and expenses involved in the foreclosure *1141 action. Obviously, the payoff figure that was good until January 14, 2000, does not include additional interest, advances, attorney’s fees, and costs from that date though the date of the March 2000 hearings, not to mention those that continued to accrue prior to the issuance of the May 25 order on review, or those that would be incurred through the date when the court would determine the appropriate amount of foreclosure expenses. See Fowler v. First Fed. Sav. & Loan Ass’n of Defuniak Springs, 643 So.2d 30 (Fla. 1st DCA 1994) (holding that expenses bank incurred in protecting its property interest after mortgagors failed to perform, including interest accruing thereon, was properly included in indebtedness due under mortgage and awarded to bank in foreclosure action), rev. denied, 658 So.2d 990 (Fla.1995); Nemours Found. v. Gauldin, 601 So.2d 574 (Fla. 5th DCA) (noting that parties may agree at the outset of their contractual relationship as to the items of cost that may result if one of them defaults; as the mortgagee executed a mortgage providing that expenditures involved in foreclosure be assessed against mortgagee, mortgagee could not complain about being called upon to pay costs incurred by unsuccessfully attempting to impede the foreclosure in bankruptcy court), rev. denied, 606 So.2d 1166 (Fla.1992).
In effect, the trial court required Petitioner to settle its foreclosure action on Kings’ terms, with or without an evidentia-ry hearing. This was a departure from the essential requirements of law. Accordingly, we quash the order under review and remand for further proceedings consistent with this opinion.
GUNTHER, KLEIN and TAYLOR, JJ„ concur.