PER CURIAM.
We deny the petition seeking cer-tiorari review of orders relating to the petitioner’s notice of lis pendens. We write to address only the petitioner’s argument that she should not have been required to post a bond because her complaint was founded on a “duly recorded document” within the meaning of section 48.23(3), Florida Statutes (2001). Bond is not required in that situation because the *463 recorded document itself puts third parties on notice and clouds the title to the property. Avalon Assocs. of Delaware Ltd. v. Avalon Park Assocs., Inc., 760 So.2d 1132, 1134 (Fla. 5th DCA 2000); Sailfish Point, Inc. v. Sailfish Point Owners Representatives by Jaffe, 679 So.2d 1283, 1285 (Fla. 4th DCA 1996); Medical Facilities Dev., Inc. v. Little Arch Creek Props., Inc., 675 So.2d 915, 917 (Fla.1996).
The recorded instrument in this case is the final order dissolving the parties’ marriage. That order' adopted the parties’ marital settlement agreement, which was not itself recorded. Petitioner’s civil complaint asserts a claim to personal property that is allegedly subject to the marital settlement agreement, but is not identified in either that agreement or the recorded final judgment. Because the recorded judgment would not put third parties on notice that petitioner has a claim against any identifiable property, the civil complaint is not founded on a duly recorded document. The trial court did not depart from the essential requirements of the law by requiring petitioner to post a bond as a condition of maintaining her notice of lis pendens.
POLEN, C.J., GUNTHER and STEVENSON, JJ., concur.