829 So.2d 1006 (2002)
PANAMERICANO OF SOUTH DAKOTA, INC., Petitioner/Cross-Respondent,
v.
SUNCOAST BAY DEVELOPMENT, INC., Suncoast Bay Holdings, Inc., and Donald Merskin, Respondents/Cross-Petitioners.
No. 2D02-1128.
District Court of Appeal of Florida, Second District.
November 15, 2002.
Michael G. Mardis and Steven H. Mezer of Bush Ross Gardner Warren & Rudy, P.A., Tampa, for Petitioner/Cross-Respondent.
Thomas G. Hersem, Clearwater, for Respondents/Cross-Petitioners.
STRINGER, Judge.
Petitioner, Panamericano of South Dakota, Inc. (Panamericano), seeks certiorari review of the trial court's order requiring it to post a $4 million bond to maintain a lis pendens. Respondents/Cross-Petitioners, Suncoast Bay Development, Inc.; Suncoast Bay Holdings, Inc.; and Donald Merskin (Suncoast), seek certiorari review of the same order. We treat the petitions as an appeal from a nonfinal order granting an injunction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B),[1] and *1007 we affirm because the trial court did not abuse its discretion in imposing a bond requirement.
Panamericano argues that the trial court erred in requiring it to post a bond because the trial court found that the action was founded on a duly recorded instrument. Suncoast argues that the trial court was correct in requiring a bond, but erred in finding that the action was founded on a duly recorded instrument. We review a trial court's decision to grant an injunction for an abuse of discretion. Richard v. Behavioral Healthcare Options, Inc., 647 So.2d 976, 978 (Fla. 2d DCA 1994).
The law is clear that a trial court has no authority to impose a bond to maintain a lis pendens if the underlying action is founded on a duly recorded instrument. Chapman v. L & N Grove, Inc., 244 So.2d 154, 156 (Fla. 2d DCA 1971); Coppenolle v. Falcone, 802 So.2d 462, 462 (Fla. 4th DCA 2001); Fla. Peach Corp. of Am., Int'l Div., S.A. v. Lurie, 411 So.2d 339, 339 (Fla. 5th DCA 1982). In this case the trial court ordered a bond even though it expressly found that the action was founded on a duly recorded instrument. Thus, it appears from the face of the order that the trial court abused its discretion in requiring a bond in this case.
However, it is also clear that the trial court's finding that the action was founded on a duly recorded instrument is erroneous.[2] This action is founded on an unrecorded contract between the parties for the development of some of Panamericano's properties by Suncoast, and the deeds conveying the properties to Suncoast do not contain any reservation of rights. See Avalon Assocs. of Del. Ltd. v. Avalon Park Assocs., Inc., 760 So.2d 1132, 1135 (Fla. 5th DCA 2000) (holding that a dispute based on circumstances surrounding a development agreement was not founded on a duly recorded instrument); Hough v. Bailey, 421 So.2d 708, 709 (Fla. 1st DCA 1982) (holding that action was not founded on a duly recorded instrument because the asserted rights arose from the unrecorded contract and not the deeds).
Although the trial court erroneously found that the action was founded on a duly recorded instrument, the court had the discretion to require a bond in this case because this finding was erroneous. For this reason, we affirm the imposition of the bond requirement. See Carraway v. Armour & Co., 156 So.2d 494, 497 (Fla. 1963) (holding that if the trial court assigns an erroneous reason for its decision, it will be upheld if there is some other basis to support it).
Affirmed.
ALTENBERND and SALCINES, JJ., concur.
NOTES
[1] See, e.g., Chapman v. L & N Grove, Inc., 244 So.2d 154, 156 (Fla. 2d DCA 1971) (reviewing an order requiring a bond to maintain a lis pendens as an interlocutory appeal); Taylor v. Cesery, 717 So.2d 1112 (Fla. 1st DCA 1998) (reviewing an order discharging notice of lis pendens as an interlocutory appeal of a nonfinal order); Moss v. Arca Dev., Inc., 687 So.2d 70 (Fla. 3d DCA 1997) (treating a petition for writ of certiorari to review an order discharging a lis pendens as a nonfinal appeal); Med. Fac. Dev., Inc. v. Little Arch Creek Props., Inc., 656 So.2d 1300 (Fla. 3d DCA 1995) (reviewing an order requiring a bond to maintain a lis pendens pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(B)), approved in part, quashed in part on other grounds, 675 So.2d 915 (Fla.1996).
[2] We suspect that the finding is actually the result of a typographical error in the trial court's order granting Suncoast's motion for requirement of bond.