WARNER, J.
This petition for certiorari challenges an order of the circuit court requiring the petitioners to post a $400,000 bond into the court registry as a condition to their claim of rescission of a home equity mortgage on their residence. We dismiss the petition as it fails to show irreparable harm not remediable on appeal.
The petitioners secured a home equity mortgage with the respondent in 2006. When they failed to make their monthly payments in 2009, the respondent filed a complaint to foreclose. After being defaulted and then having the default set aside, petitioners filed an answer, affirmative defenses and counterclaim, alleging that the bank had forged their signatures on closing documents and failed to give notice of their right to rescind and other. Truth in Lending Act (TILA) disclosures. The petitioners also served respondent with a Notice to Rescind pursuant to 15 U.S.C. § 1635 and 12 C.F.R. § 226.23, which permit rescission when a lender fails to comply with the Truth in Lending disclosures. When that occurs, a creditor must terminate its security interest in property, after which the consumer shall tender the money or property back to the creditor. However, that procedure may be modified by court order. See 12 C.F.R. § 226.23(d)(4).
Upon receiving the pleadings and notice, respondent moved to strike or modify the TILA procedures, requesting that the court deviate from the statute and require that petitioners deposit the principal amount of money received on the home equity line of credit into the court registry before the respondent releases its security interest in their property.[1] After a hearing, the court ruled that, assuming a TILA violation occurred, it still would require that the petitioners deposit at least most of the principal borrowed, amounting to $400,000.[2] Should the petitioners fail to post the amount, their affirmative defense of rescission would be stricken and respondent would not be required to release its security.
To secure certiorari relief from a pretrial order of the circuit court a petitioner must show that the trial court departed from the essential requirements of law which will cause the petitioner irreparable injury not remediable on final appeal. See Bared & Co., Inc. v. McGuire, 670 So.2d 153 (Fla. 4th DCA 1996). We treat the requirement that petitioner show irreparable harm as a jurisdictional issue in that “[i]t is only if the petition demonstrates harm that cannot be corrected on final appeal that we have the power to exercise discretion to grant or withhold the writ. It must be made, at least prima facie, clear in the petition that the harm is incurable by final appeal.” Id. at 157.
Petitioners have not made that showing here. According to the trial court’s order, should petitioners not post the bond, their affirmative defense of rescission under TILA will be stricken upon motion by respondent. Petitioners do not show how this will cause irreparable damage not remediable on appeal. The striking of an affirmative defense can always be raised as an issue on appeal from a final judgment.
*847 Petitioners rely on S and T Builders v. Globe Properties Inc., 909 So.2d 375 (Fla. 4th DCA 2005), as support for the contention that they have suffered irreparable harm. That case involved a trial court order requiring the posting of a bond to continue a lis pendens. Where a trial court’s order may dissolve a lis pendens, the courts have treated it as creating irreparable injury, because the litigant may lose lien rights or priority status because of intervening interests which could arise during the pendency of the litigation. See State-Wide Constr., Inc. v. Dowda, 424 So.2d 198, 199 (Fla. 5th DCA 1983). Loss of a property right would be irreparable and could not be corrected on final appeal. Id. at 198-99; see also Norwest Mortg., Inc. v. King, 789 So.2d 1139, 1140 (Fla. 4th DCA 2001) (irreparable harm shown where trial court ordered satisfaction of mortgage upon mortgagor depositing a certain amount in court registry without an ultimate determination of the amount due, as petitioner would have lost its right to foreclose if it were later determined that petitioner was entitled to more).
In this case, the trial court’s order does not affect any property rights which cannot be corrected on final appeal. For this reason, we conclude that petitioners have not established irreparable harm and thus cannot invoke our jurisdiction to entertain this petition.

Petition dismissed.

POLEN and CIKLIN, JJ., concur.

. The respondent also denied that any violations took place or that any forgery was committed.

. This amount was actually less than the principal amount due.