# Third District Court of Appeal
## State of Florida

Opinion filed May 29, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-0361
Lower Tribunal No. 20-18627
_____

**Stav Software, LLC,**
Appellant,

vs.

**Lederman Investments, LLC, et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Omar K. Ibrahem, P.A., and Omar K. Ibrahem, for appellant.

Armstrong Teasdale LLP, and Eleanor T. Barnett and Marlon J. Weiss, for appellee 5979 Alton Road Land Trust Dated August 8, 2020.

Before LOGUE, C.J., and EMAS and MILLER, JJ.

LOGUE, C.J.

Stav Software, LLC appeals the trial court's summary judgment entered in favor of the 5979 Alton Road Land Trust Dated August 8, 2020.

Stav Software argues that the trial court erroneously granted the Trust's summary judgment motions because there was a disputed issue of material fact regarding whether the parties to a real estate purchase agreement agreed to extend the closing date. We agree and reverse.[1]

## **BACKGROUND**

This is a tale of two competing buyers. The seller of the single-family home at issue, Lederman Investments, LLC, first entered into a purchase agreement with Stav Software. While Stav Software's purchase agreement was allegedly in effect, the seller sold the property to the Trust. Stav Software sued the Trust for specific performance. The Trust moved for summary judgment contending that Stav Software's purchase agreement had lapsed because it failed to close on the closing date set in the agreement. Stav Software responded that the agreement had not lapsed because the seller and Stav Software had agreed to extend the closing date.

In the summary judgment record, it is undisputed that, days before the purchase agreement's closing date, the seller contacted Stav Software and asked whether it would consider extending the closing date so the seller could secure a more favorable payout arrangement with its mortgage

---

[1] We affirm the trial court's summary judgment on Stav Software's tortious interference claim without discussion.

2

lender.[2] Text messages were exchanged between the seller and Stav Software regarding the extensions. But a formal written and signed modification of the purchase agreement extending the closing date was never completed.

At this point, the summary judgment reflects a factual disagreement. On one hand, Stav Software pointed to texts where its representative indicated that the parties had established a new closing date and the seller's representative thanked him. The depositions of Stav Software's representative also indicated that the parties verbally agreed to extend the closing date to August 17. The Trust, however, pointed to a text from the seller stating that it did not agree to extend the closing date. During this period where the original closing date had passed and Stav Software was under the belief that the parties had agreed to extend the closing date, the seller conveyed the property to the Trust.

In support of summary judgment, the Trust argued the seller's request to extend the closing date and Stav Software's agreement were insufficient to extend the closing date because the communication did not constitute a written modification as required by the terms of the purchase agreement. Thus, it argued, when the closing did not take place on the date set forth in

---

[2] The mortgage lender had initiated foreclosure proceedings on the property.

3

the agreement, the purchase agreement lapsed and there was no valid purchase agreement when the seller conveyed the property to the Trust. The trial court agreed. This appeal followed.

## **DISCUSSION**

We review the trial court's summary judgment de novo. Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000). "Where a third-party purchaser is aware of a previous contract to sell to another, conveyance to the third party will be deemed fraudulent. Under such circumstances, an action for specific performance against the third party is proper." Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So. 2d 45, 46 (Fla. 2d DCA 1984). The underlying contract must be valid, however. Free v. Free, 936 So. 2d 699, 702 (Fla. 5th DCA 2006).

The terms of the purchase agreement required that any modification be "in writing and executed by the parties." But, "under certain circumstances, written contracts can be modified by a subsequent oral agreement of the parties even though the written contract purports to prohibit such modification." Henley v. MacDonald, 971 So. 2d 998, 1001 (Fla. 4th DCA 2008) (quoting Wilson v. Woodward, 602 So. 2d 547, 549 (Fla. 2d DCA 1992)). Moreover, "[w]hether a written contract has been modified by subsequent oral agreement or by course of dealing is a question of fact for

4

the jury." <u>Kiwanis Club of Little Havana, Inc. v. de Kalafe</u>, 723 So. 2d 838, 841 (Fla. 3d DCA 1998).

To succeed on its motion for summary judgment, therefore, the Trust needed to show that no material issue of fact existed regarding the claimed extension of the closing. But the text messages and conduct between the seller and Stav Software present a genuine factual dispute as to whether an agreement to extend the closing had been reached. Accordingly, we reverse the trial court's summary judgment on Stav Software's specific performance claim and remand for further proceedings.

Reversed in part, affirmed in part, and remanded for further proceedings.