833 So.2d 211 (2002)
BETSY ROSS HOTEL, INC., Appellant,
v.
A.G. GLADSTONE ASSOCIATES, INC., etc., et al., Appellees.
No. 3D02-1918.
District Court of Appeal of Florida, Third District.
December 18, 2002.
*212 Arnaldo Velez, Coral Gables, for appellant.
William L. Petros and Justin B. Elegant, Miami, for appellees.
Before SCHWARTZ, C.J., and FLETCHER and RAMIREZ, JJ.
FLETCHER, Judge.
Betsy Ross Hotel, Inc., [Hotel, Inc.] appeals a trial court order denying its motion to dissolve notice of lis pendens or to set a hearing on the question of requiring a lis pendens bond. We reverse as to the trial court's refusal to hold a bond hearing.
In January, 1998 A.G. Gladstone Associates, Inc. [Gladstone] and others entered into a joint venture agreement aimed at converting the property known as the Betsy Ross Hotel into condominium status. Subsequently several of the parties had a falling out which led Gladstone to file suit, alleging various wrongs. A notice of lis pendens was filed by Gladstone simultaneously. In May, 2000, the Betsy Ross Hotel property was quitclaimed by a defendant or defendants to Hotel, Inc., notwithstanding the lis pendens. In a (fifth) amended complaint Gladstone joined Hotel, Inc. as a party defendant. Hotel, Inc. moved to have the trial court dissolve the lis pendens, or, in the alternative, to require Gladstone to post a bond if the lis pendens were to remain in place.
A trial court has the authority to require a lis pendens bond if the action is not founded on a "duly recorded instrument" or certain liens. PanAmericano of South Dakota, Inc. v. Suncoast Bay Dev., Inc., 829 So.2d 1006 (Fla. 2d DCA 2002). Before setting bond the court is to afford the parties an evidentiary hearing on the issues of whether the property holder would likely incur damage if notice of lis pendens was unjustified, and the amount of such damages. Licea v. Anllo, 691 So.2d 29 (Fla. 3d DCA 1997). The boileddown issue here is whether Gladstone's action is founded on a duly recorded instrument.[1]
Section 48.23, Florida Statutes (1999), which governs various matters surrounding notices of lis pendens, provides in subsection (3):
"When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of Chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
Gladstone contends that the initial pleading shows that the action is founded on a duly recorded instrument, that is, the joint venture agreement (and as will be seen, a unilateral "memorandum of agreement"). Hotel, Inc. contends that the joint venture agreement is the foundation instrument, and, while it may appear in the public records, it is not duly recorded. This is the case, Hotel, Inc. argues, as the joint venture agreement-the instrument on which Gladstone's action is founded-was not acknowledged, or witnessed, or notarized *213 as required for recordation by section 695.03, Florida Statutes (1997). This section provides in pertinent part:
"To entitle any instrument concerning real property to be recorded, the execution must be acknowledged by the party executing it, proved by a subscribing witness to it ..." [or properly notarized as set forth in § 695.03]
These requirements for recording have existed for many years. See McEwen v. Schenck, 108 Fla. 119, 146 So. 839 (1933); Keech v. Enriquez, 28 Fla. 597, 10 So. 91 (1891). In Keech the supreme court stated, at 91[2]:
"A deed or any other instrument, though actually transcribed upon the public records, is not `recorded' within the legal acceptation of that word, where there has been no proper proof of its execution, as required by law, authorizing a record thereof."[3] [e.s.]
See also Edwards v. Thom, 25 Fla. 222, 5 So. 707 (1889).
Apparently recognizing the joint venture agreement's deficiencies as to recordation, Gladstone created a unilateral "memorandum of agreement" to which it stapled a copy of the joint venture agreement. Gladstone's memorandum with the joint venture agreement stapled to it was then placed in the public records. The memorandum reads:
 "MEMORANDUM OF AGREEMENT
 This Memorandum of Agreement, executed this 20th day of January, 1998, in
 connection with that certain JOINT VENTURE AGREEMENT dated January
 9, 1998, between CARD INVESTMENTS, INC., a Florida corporation
 (hereinafter referred to as `Owner') and A.G. GLADSTONE ASSOCIATES,
 INC., a Florida corporation (hereinafter referred to as `Developer').
 1. Attached hereto is a true and correct copy of that Joint Venture Agreement
 as described above and executed on behalf of Owner by Novel
 Penabad, President and on behalf of developer by Richard A. Golden,
 Incorporator as pertains to the ownership and development of real property
 lying and situate in Dade County, Florida, and legally described as
 follows:
 LOTS 1 AND 2, BLOCK 19 OF OCEAN BEACH ADDITION
 NUMBER 2, ACCORDING TO THE PLAT
 THEREOF, AS RECORDED IN PLAT BOOK 2 AT
 PAGE 56 OF THE PUBLIC RECORDS OF DADE
 COUNTY, FLORIDA.
 and having a common street address of 1440 Ocean Drive,
 Miami Beach, Dade County, Florida.
 2. The JOINT VENTURE AGREEMENT is subject to all easements,
 conditions, restrictions and covenants of record and common to the
 subdivision, as well as any liens, encumbrances, mortgages and any taxes
*214
 which may be due and payable as assessed to the subject real property
 described hereinabove.
 IN WITNESS WHEREOF, the parties have hereunto set their hands and
 seals, and executed this Joint Venture agreement, on the day and year first
 above written.
/s/ Maxine Lopes By: /s/ Richard A. Golden
MAXINE LOPES RICHARD A. GOLDEN
 11900 Biscayne Blvd., Suite 301
 North Miami, FL 33181
/s/ Patricia Fox Yurman
PATRICIA FOX YURMAN
 STATE OF FLORIDA)
 ) SS
 COUNTY OF DADE )
 The foregoing instrument was acknowledged before me this 20 day of JANUARY, 1998,
by RICHARD A. GOLDEN who is personally known to me and who took an oath.
My commission expires: /s/ Maxine Lopes
 [NOTARY Notary Public, State of Florida
 SEAL]
 MAXINE LOPES
 Notary name typed or printed"
A.336-37.
By this maneuver Gladstone attempts to circumvent section 695.03. However, the stapling together of these two instruments, and their appearance in the records, do not equal a duly recorded instrument upon which Gladstone's action can be founded. First, the law suit is not (and could not be) founded on the memorandum as it is a unilateral document and not binding on non-signatories. Whether recorded or not the memorandum is an irrelevancy.[4]
Second, the joint venture agreement, the actual instrument upon which Gladstone's action is founded, having no proper proof, "although transcribed upon the public records," is not "recorded" according to Keech v. Enriquez, supra.[5] Thus the action is not founded on a duly recorded instrument and the trial court may control the notice of lis pendens. The property holder is therefore entitled to a lis pendens bond hearing in accordance with Licea v. Anllo, supra. That portion of the trial court's order denying the bond hearing is reversed and the cause is remanded for further proceedings consistent herewith.
Reversed in part; affirmed in part; and remanded.
NOTES
[1] The trial court properly denied the motion to strike the lis pendens as Hotel, Inc. does not dispute that there is a fair nexus between the legal or equitable ownership of the property and the dispute embodied in the action. See Chiusolo v. Kennedy, 614 So.2d 491 (Fla. 1993).
[2] Quoted from the court's syllabus. The principle may also be found in the text of the court's opinion at 93.
[3] We remind the reader of the language of section 48.23 which requires that the instrument in question be duly recorded. "Duly" is defined as "in a proper manner" by the American Heritage Dictionary (1969), at 403, and as "In due or proper form or manner; according to legal requirements" by Black's Law Dictionary (1968), at 591.
[4] If parties could convert the legal status of an instrument by the simple expedient attempted here by Gladstone, there soon would be no court control of any lis pendens. If the legislature so intended it would have done just as well by not enacting section 48.23(3).
[5] Even if we were to disagree with the supreme court's Keech principle (we don't and we can't), we observe that the joint venture agreement is most certainly not duly recorded.