PER CURIAM.
This appeal involves a time of the essence contract in which a payment was not timely made but which, when made, was not timely rejected. Thus, the issue is whether a right to terminate an agreement flowing from a time of the essence provision is waived by not terminating the agreement in a timely manner. We affirm the trial court’s determination that the agreement was not properly terminated but reverse on the issue of whether the *156 purchaser should be permitted to proceed to purchase under the agreement.
On August 8, 2001, Adrian Developers Corp., as buyer, and Francisco de la Fuente, as seller, entered into an agreement to buy and sell certain real estate. The contract contained a time of the essence provision and required that the transaction close by February 6, 2003. The contract, after some earlier modifications, provided that a second deposit in the amount of $130,000 be made on or before February 6, 2002. However, the second deposit was not made until February 13, some seven days late, at which time buyer requested an addendum authorizing this late payment.
Some ten days after the second deposit was made, the seller notified the buyer that the addendum authorizing the extension of time for making the second deposit would be granted only if the buyer waived certain title objections. When the buyer rejected this condition, the seller brought an action to quiet title and to determine that the contract had been properly terminated. The buyer counterclaimed for breach of contract and specific performance.
The trial court, in essence, held that one who wishes to claim under a time of the essence provision must do so in a timely manner. Even though the second deposit had not been made on the 6th as required by the contract, it was not until the 22nd that the seller put a condition on accepting the addendum which would have extended the payment date. By this time, however, the payment had been made. And when buyer rejected seller’s condition causing seller to terminate the contract, seller did not instruct the escrow agent to return the deposit.
The trial court, on the authority of Lance v. Martinez-Arango, 251 So.2d 707 (Fla. 3d DCA 1971), determined that the contract was not properly terminated. We agree and affirm.
However, even though the court held that the contract had not been properly terminated, it refused to grant relief to the buyer on the basis that the buyer had not proved that it was ready, willing and able to proceed to closing. The buyer did not show, said the court, that it had sufficient funds in its account to close nor did it show that financing arrangement had been made. The trial court further explained that the buyer had not conducted the environmental audit nor had it completed a survey of the property, both of which would have been necessary to obtain financing. It appears to us, however, that when the seller announced its intent some ten months before the scheduled closing to terminate the contract and filed action to do so, it relieved the buyer from proceeding to financing until the matter was resolved. The buyer in this case was not seeking to force an immediate, premature closing but merely to require the seller to comply with its obligations under the contract so that buyer could do what was required of it to meet its contractual obligations. In other words, the buyer requested the court to restore the parties to the status quo by putting them in the position they we in prior to the seller’s unsuccessful attempt to terminate. We believe the court erred in not doing so.
AFFIRMED in part; REVERSED in part, and REMANDED for further action consistent with this opinion.