944 So.2d 494 (2006)
Gwen TAYLOR, Appellant,
v.
Simon T. STECKEL, Appellee.
No. 3D06-1904.
District Court of Appeal of Florida, Third District.
December 13, 2006.
*495 Stratton & Feinstein and Douglas D. Stratton, for appellant.
Bales Sommers & Klein and Richard M. Bales, Jr., Miami, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
WELLS, Judge.
In this action for specific performance of a contract for the sale of real property, Gwen Taylor, the seller, appeals from a non-final order denying her motion to compel arbitration. She also appeals from a non-final order extending the lis pendens placed on the property by Simon Steckel, the buyer. We reverse the order denying the motion to compel arbitration, affirm the order extending the lis pendens, and remand for a bond hearing.
In January 2005, Taylor and Steckel entered into a contract for the sale of a parcel of real property located in Miami-Dade County. The original closing date for the sale was February 28, 2005. However, Steckel twice sought to extend the closing date. While the parties agree that the closing date was extended once, Taylor denies that she agreed to a second extension, and, after Steckel failed to close following the first extension, Taylor refused to close.
Steckel sued for specific performance and for injunctive relief and filed a Notice of Lis Pendens on the property. Taylor timely moved to compel arbitration as mandated by the parties' contract:

*496 16. DISPUTE RESOLUTION: This Contract will be construed under Florida law. All controversies, claims, and other matters in question arising out of or relating to this transaction or this Contract or its breach will be settled as follows:
. . . .
(b) All other disputes: Buyer and Seller will have 30 days from the date a dispute arises between them to attempt to resolve the matter through mediation, failing which the parties will resolve the dispute through neutral binding arbitration in the county where the Property is located. . . . Any disputes with a real estate licensee named in Paragraph 19 will be submitted to arbitration only if the licensee's broker consents in writing to become a party to the proceeding.
The trial court, relying on the last sentence of this provision requiring a broker's consent to arbitrate "[a]ny disputes with a real estate licensee," denied Taylor's motion to compel arbitration because Taylor, who was also the agent for the sale, had failed to obtain the broker's (Coldwell Banker's) consent to arbitrate. The trial court also extended the lis pendens filed by Steckel upon commencement of the action.
We agree with Taylor that the trial court erred in concluding that arbitration should be denied because Taylor had not obtained the broker's consent to arbitrate. In Nestler-Poletto Realty v. Kassin, 730 So.2d 324, 325-26 (Fla. 4th DCA 1999), the Fourth District addressed the same provision in what appears to be a standard contract and concluded that the sentence requiring a broker's consent to arbitrate applies only to prevent a broker from being forced to arbitrate against its will where its rights and duties are implicated:
Appellants filed a motion to compel arbitration based on an arbitration clause contained in the residential sale and purchase contract. The contract provided in its paragraph 16 that . . . "Any disputes with a real estate licensee . . . will be submitted to arbitration only if the licensee's broker consents in writing to become a party to the proceeding."
. . . .
We recognize that arbitration is a preferred mechanism for dispute resolution and that courts indulge every reasonable presumption to uphold an agreement to arbitrate, resolving any doubts about the scope of arbitration in favor of arbitration.
The trial court's role when considering motions to compel arbitration is limited to determining whether a valid written agreement exists, whether an arbitrable issue exists, and whether the right to arbitration was waived.
However, contractual arbitration is only mandated for controversies or disputes which the parties have agreed to submit to arbitration. The general rule favoring arbitration does not support forcing a party into arbitration when that party did not agree to arbitrate. Neither does it allow non-parties to an agreement containing an arbitration provision to force the parties to arbitrate when the parties to the contract have waived arbitration. It is clear that here, the arbitration provisions apply to the broker only as to the paragraph outlining the broker's rights and duties and the acknowledgment that the broker could not be forced into arbitration against its will.

Id. at 325-26 (citations omitted) (emphasis added).
We agree that the sentence requiring a broker's consent to arbitrate applies only *497 to prevent a broker from being forced to arbitrate against its will where its rights and duties are implicated. The broker's rights and duties are not, however, implicated in this case.
This action involves a dispute between a buyer and a seller regarding their compliance with the terms of their contract, specifically, whether the seller breached by refusing to close following a second agreed to extension of the closing date, or whether the buyer breached by failing to close following a single agreed to extension. Because there are no allegations regarding the broker's rights or obligations, there was no need to obtain the broker's consent to arbitration. The seller's motion to compel the buyer to arbitrate as expressly agreed should, therefore, have been granted.
We do not, however, agree that the trial court erred in granting Steckel's motion to extend the lis pendens because that motion was not filed until more than one year after commencement of the action. Section 48.23 of the Florida Statutes expressly confers control over notices of lis pendens on the courts. Where, as here, a notice of lis pendens is filed in conjunction with an action not founded on a duly recorded instrument, the statute authorizes the courts to extend the effect of the notice beyond one year. § 48.23(2), (3), Fla. Stat. (2006). As this court has confirmed in the past, this provision does not require that a motion for extension be filed within a year of commencement to justify an extension. See Betsy Ross Hotel, Inc. v. A.G. Gladstone Assocs., Inc., 833 So.2d 211, 212 n. 1 (Fla. 3d DCA 2002) (where the underlying action was not founded on a duly recorded instrument, concluding that the trial court properly extended a lis pendens beyond one year from commencement of the action even though no extension had been requested); see also Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45, 47 (Fla. 2d DCA 1984) (concluding that section 48.23(2) does not bar filing a notice of lis pendens more than one year after commencement because if a "court can extend the effect of the notice of lis pendens beyond one year, it stands to reason that the court can allow it to be filed beyond one year of commencement in the first place").
The purpose of a notice of lis pendens is to notify third parties that an action regarding specified property has been filed and "that whoever subsequently acquires an interest in the property will stand in the same position as the current owner/vendor, and take the property subject to whatever valid judgment may be rendered in the litigation." See Avalon Assocs. of Delaware Ltd. v. Avalon Park Assocs., Inc., 760 So.2d 1132, 1134 (Fla. 5th DCA 2000)(citing DePass v. Chitty, 90 Fla. 77, 105 So. 148, 149 (1925)). A notice of lis pendens also operates to protect its proponent, by preventing intervening liens that could impair or extinguish claimed property rights. Chiusolo v. Kennedy, 614 So.2d 491, 492 (Fla.1993); see also Medical Facilities Dev., Inc. v. Little Arch Creek Prop., Inc., 675 So.2d 915, 917 (Fla.1996). It also enables a court "to deal with the property and preserve its jurisdiction over the subject matter." Avalon Assocs., 760 So.2d at 1134.
At the time the notice of lis pendens was extended in this case, Steckel's interest in the property was the same as it was on the day the action commenced. Thus, the necessity of protecting Steckel's interests, putting third parties on notice of Steckel's pending claims, and preserving the court's authority to deal with the property remained unchanged and justified an extension. Under the circumstances, we find no error in the trial court's extension of the notice of lis pendens filed below even *498 though the extension request was made a little more than one year following commencement of this action.
However, we find (and Steckel concedes) that Taylor is entitled to a lis pendens bond hearing in accordance with our decision in Licea v. Anllo, 691 So.2d 29 (Fla. 3d DCA 1997). See also Medical Facilities Dev., Inc., 675 So.2d at 917 (confirming that "the protection which a notice of lis pendens affords is counterbalanced by the constraining effects the notice has on the property-holder defendant" and that "[s]ince the wrongful filing of a notice of lis pendens can be damaging, courts have interpreted the statutory reference to injunction in section 48.23(3), Florida Statutes, to mean that a bond may be required").
Accordingly, we reverse the order denying Taylor's motion to compel arbitration. We affirm the order extending the lis pendens filed by Steckel, and remand for a lis pendens bond hearing.