CORTIÑAS, Judge.
The seller, Francisco de la Fuente, appeals from a non-final order denying his motion to discharge the third lis pendens placed by the buyer, Adrian Developers Corp., and granting the buyer’s motion to extend the third lis pendens on the property which is the subject of a disputed real estate agreement. We affirm.
In August 2001, the buyer entered into an agreement with the seller to purchase several acres of real property for approximately $3,000,000 in Miami-Dade County.[1] Based on the buyer’s untimely deposit, the seller brought a declaratory action to quiet title. The buyer counterclaimed for specific performance and, in March 2003, filed an amended notice of lis pendens on the property.[2] Subsequently, in Adrian Developers Corp. v. de la Fuente, 905 So.2d 155, 155-56 (Fla. 3d DCA 2004) (“Fuente /”), we affirmed the trial court’s determination that the seller’s attempt to terminate the agreement was improper but found that the trial court erred in not restoring the parties to the “status quo,” which was the position the parties were in prior to the seller’s unsuccessful attempt to terminate.
Thereafter, on August 16, 2005, the buyer recorded a third notice of lis pendens on the property. The record reflects that the buyer also attempted to finalize the sale by sending a letter to the seller waiving all of the impediments to closing, including title objections and the buyer’s rights to seek land approvals. However, the seller refused to close.
In July 2006, the buyer filed a separate action for specific performance, and filed a fourth notice of lis pendens on the property. Thereafter, the parties filed a series of motions, which included the seller’s motions to discharge the third and fourth lis pendens and the buyer’s motion to extend the third lis pendens. As a result of the parties’ motions, the trial court issued three orders. In its third corrected order, which was issued on September 25, 2006, the court held that: (i) the first lis pendens was a nullity; (ii) the amended lis pendens was discharged by Fuente I; (iii) the third lis pendens was valid and in full effect until August 16, 2007, and thus denied the seller’s motion to discharge the third lis pen-dens; and (iv) the fourth lis pendens was stricken as it was based on a duplicate lawsuit.
On appeal, the seller contends that the trial court abused its discretion in denying his motion to discharge the third lis pendens and granting the buyer’s motion to extend the third lis pendens until August 16, 2007.[3] We disagree.
When an action is not founded on a duly recorded instrument, sections 48.23(2)-(3), Florida Statutes (2006), give the trial court discretion to consider the extension and duration of a lis pendens on *253 a case by case basis. See Taylor v. Steckel, 944 So.2d 494, 497 (Fla. 3d DCA 2006) (citing Betsy Ross Hotel, Inc. v. A.G. Gladstone Assocs., 833 So.2d 211, 212 n. 1 (Fla. 3d DCA 2002)); see also Rodriguez v. Banco Indus. de Venezuela, C.A., 576 So.2d 870, 873 (Fla. 3d DCA 1991) (citing Am. Legion Cmty. Club v. Diamond, 561 So.2d 268, 272 (Fla.1990)). Section 48.23(3) states that, when the pleading does not show that the action is founded on a duly recorded instrument, the courts may control and discharge a notice of lis pendens as the courts may grant and dissolve injunctions. § 48.23(3), Fla. Stat. (2006). Section 48.23(2) provides that a notice of lis pendens, which is not founded on a duly recorded instrument, is ineffectual beyond one year from the commencement of the action. However, this section gives the courts authority to extend the effect of the notice beyond one year on reasonable notice and for good cause. § 48.23(2), Fla. Stat. (2006). Moreover, we recently held that this provision does not require a motion to extend a lis pendens to be filed within a year of commencement of the action. Taylor, 944 So.2d at 497. Similarly, we agree with the Second District that this statute does not bar the initial filing of a notice of lis pendens beyond one year from commencement of a legal action. Hallmark Builders, Inc. v. Hickory Lakes of Brandan, Inc., 458 So.2d 45, 47 (Fla. 2d DCA 1984).
Accordingly, we find that the trial court properly exercised its discretion in not discharging the third lis pendens.
Affirmed.
RAMIREZ, J., concurs.

. The buyer contends that due to significant changes in the real estate market in Miami-Dade County over the past several years, the subject property is presently worth approximately $40,000,000.

. The buyer's first notice of lis pendens was filed in October 2002; however, it was ineffective because it was not properly recorded.

.We find no merit in the seller's contention that the third lis pendens was fatally defective because it did not contain the time of commencement of the action. We note that the lis pendens contained the date of our decision in Puente I and strictly complied with all other aspects under section 48.23.