SHEPHERD, J.,
dissenting.
The issue in this case is whether a third lis pendens filed in litigation arising out of an unrecorded purchase and sale contract for eighty-two acres of unimproved land in Miami-Dade County should be discharged.[4] The lis pendens was filed on August 16, 2005, nearly three years after the commencement of this action, and thirty-four months after the filing by the defendant buyer, Adrian Developers Corp., of the specific performance counterclaim on which the lis pendens rests. Two earlier lis pendens and one subsequent lis pendens filed by Adrian either have been discharged by the trial court or voluntarily dismissed. The appellant sellers, Francisco de la Fuente, individually and as Trustee, and Barbara Lewis de la Fuente, contend that the lis pendens should be discharged because it was filed more than one year from the commencement of the action. I find this contention supported by the plain language of section 48.23 of the Florida Statutes.
Section 48.23 of the Florida Statutes (2006) reads, in relevant part:
(l)(a) No action in any of the state or federal courts in this state operates as a lis pendens on any real or personal property involved therein or to be affected thereby until a notice of the commencement of the action is recorded in the office of the clerk of the circuit court of the county where the property is, which notice contains the names of the parties, the time of institution of the action, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to the property.
[[Image here]]
2) No notice of lis pendens is effectual for any purpose beyond 1 year from *254 the commencement of the action unless the relief sought is disclosed by the initial pleading to be founded on a duly recorded instrument or on a lien claimed under part I of chapter 713 against the property involved, except when the court extends the time on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.
(3) When the initial pleading does not show that the action is founded on a duly recorded instrument or on a lien claimed under part I of chapter 713, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
§ 48.23, Fla. Stat. (2006)(emphasis added).
The statute plainly states that where, as here, a notice of lis pendens is not founded on a duly recorded instrument, it is not valid for any purpose beyond one year from the commencement of the action unless the court extends the period. If a lis pendens is not valid for any purpose beyond one year from the commencement of the action except when a court extends the date, it necessarily follows that the lis pendens must have been filed at some time during that year. City of Miami v. Valdez, 847 So.2d 1005, 1008 (Fla. 3d DCA 2003)(“Familiar rules of statutory construction teach that when a law expressly describes a particular situation where something should apply, an inference must be drawn that what is not included by specific reference was intended to be omitted or excluded.”). Any contrary construction of this statute would render inoperative the phrase, “from the commencement of the action” in section 48.23(2). We are admonished to eschew such consequences. Goode v. State, 50 Fla. 45, 52, 39 So. 461, 463 (1905)(“It is the general rule, in construing statutes, that construction is favored which gives effect to every clause and every party of the statute, thus producing a consistent and harmonious whole. A construction which would leave without effect any part of the language used should be rejected, if an interpretation can be found which will give it effect.”)(internal citations omitted); Valdez, 847 So.2d at 1008)(“A court’s function is to interpret statutes as they are written and give effect to each word in the statute.”).
Taylor v. Steckel, 944 So.2d 494, 495 (Fla. 3d DCA 2006), relied upon by the majority in affirming the decision below, does not address this point on appeal. The notice of lis pendens in Taylor was timely filed “in conjunction with the action.” Id. at 497. The issue on the lis pendens in Taylor was whether a motion to extend a lis pendens can be filed more than one year after commencement of the action. Id.
I acknowledge the existence of contrary authority. Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So.2d 45, 47 (Fla. 2d DCA 1984)(“We do not interpret [section 48.23(2) ] as a bar to initially filing the notice of lis pendens beyond one year from commencement.”). I do not find it persuasive. I would reverse the order on appeal and certify conflict with Hallmark Builders. Because I would reverse on this ground, I do not find it necessary to consider other grounds raised by the de la Fuentes.

. For a more complete factual background of this case, see Adrian Devs. Corp. v. de la Fuente, 905 So.2d 155, 155 (Fla. 3d DCA 2004).