SCHWARTZ, Senior Judge.
The State appeals from an order dismissing an information for the felony charge of unlawful driving as a habitual offender under section 322.34(5), Florida Statutes (2011).[1] That offense requires, and the information alleged, that the defendant had three convictions of driving with a suspended driver’s license within a five-year period.[2] Two of the underlying suspensions occurred because she twice failed to pay assessed traffic fines; the third, because she failed to appear in court on a traffic summons after she had herself requested a hearing for the offenses of driving with an expired registration and failure to provide proof of insurance. The basis of the ruling below was the view that the suspension for the third “failure to appear” charge did not qualify as one of the required three suspensions because it was contained within the provision which reduced the charge to a misdemeanor, § 322.34(2)(b), Fla. Stat. (2011),[3] when the suspension was based on the failure to comply with a civil penalty required in section 318.15, Florida Statutes (2011). See § 322.34(10)(a)3., Fla. Stat. (2011).[4] We disagree and reverse.
*888 • ■ The issue is whether the term “[flailing to comply with a civil penalty required in s. 318.15,” § 822.34(10)(a)3., includes by reference all the provisions of section 318.15, including the failure to appear at a scheduled hearing as involved in this case. Contrary to the ruling below, we think the answer is self-evidently no. Section 322.34(10)(a)3. simply does not say “those offenses contained in section 318.15.” It says only failure to comply with a civil penalty required in that section. Thus, it refers only to the civil penalty requirement and not to any of the others. See City of Miami v. Valdez, 847 So.2d 1005, 1008 (Fla. 3d DCA 2003) (“[W]hen a law expressly describes a particular situation where something should apply [here, noncompliance with a civil penalty], an inference must be drawn that what is not included by specific reference [here, failure to appear] was intended to be omitted or excluded.”); see also State v. Hearns, 961 So.2d 211, 219 (Fla.2007) (“Under the canon of statutory construction expressio uni-us est exclusio alterius, the mention of one thing implies the exclusion of another.”).
It seems to us that the legislature, as it was clearly entitled to do, drew a distinction, which is decisive in this case, between a failure to comply with a civil penalty, which occurs when such a penalty has been validly assessed after trial or without contest, and the deliberate refusal to appear at a hearing, with its consequent disruption of the court’s process and which, it must be added, would actually preclude the valid assessment of a penalty because there would have been no trial in the first place.
Accordingly, we reverse the order below with instructions to reinstate the information.
Reversed and remanded.

. Section 322.34(5) provides that ”[a]ny person whose driver’s license has been revoked pursuant to s. 322.264 (habitual offender) and who drives any motor vehicle upon the highways of this state while such license is revoked is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, ors. 775.084."

. Section 322.264, Florida Statutes (2011), defines a "habitual traffic offender" as:
[A]ny person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the specified number of convictions for offenses described in subsection (1) or subsection (2) within a 5-year period:
(1) Three or more convictions of any one or more of the following offenses arising out of separate acts:
(a) Voluntary or involuntary manslaughter resulting from the operation of a motor vehicle;
(b) Any violation of s. 316.193, former s. 316.1931, or formers. 860.01;
(c) Any felony in the commission of which a motor vehicle is used;
(d) Driving a motor vehicle while his or her license is suspended or revoked;
(e) Failing to stop and render aid as required under the laws of this state in the event of a motor vehicle crash resulting in the death or personal injury of another; or
(f) Driving a commercial motor vehicle while his or her privilege is disqualified.
(2) Fifteen convictions for moving traffic offenses for which points may be assessed as set forth in s. 322.27, including those offenses in subsection (1).

. Section 322.34(2) provides:
Any person whose driver’s license or driving privilege has been canceled, suspended or revoked as provided by law, except persons defined in s. 322.264, who, knowing of such cancellation, suspension, or revocation, drives any motor vehicle upon the highways of this state while such license or privilege is canceled, suspended, or revoked upon:
(a) A first conviction is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
(b) A second conviction is guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
(c) A third or subsequent conviction is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.

. Section 322.34(10)(a) provides:
Notwithstanding any other provision of this section, if a person does not have a prior forcible felony conviction as defined in s. 776.08, the penalties provided in paragraph (b) [see note 2] apply if a person’s driver's license or driving privilege is canceled, suspended or revoked for:
*888 1. Failing to pay child support as provided in s. 322.245 or s. 61.13016;
2. Failing to pay any other financial obligation as provided in s. 322.245 other than those specified in s. 322.245(1);
3. Failing to comply with a civil penalty required in s. 318.15;
4. Failing to maintain vehicular financial responsibility as required by chapter 324;
5. Failing to comply with attendance or other requirements for minors as set forth ins. 322.091; or
6. Having been designated a habitual traffic offender under s. 322.264(l)(d) as a result of suspensions of his or her driver’s license or driver privilege for any underlying violation listed in subparagraphs 1. — 5.
(Emphasis added).
* Section 318.15, in turn, provides:
(1)(a) If a person fails to comply with the civil penalties provided in s. 318.18 within the time period specified in s. 318.14(4), fails to enter into or comply with the terms of a penalty payment plan with the clerk of the court in accordance with ss. 318.14 and 28.246, fails to attend driver improvement school, or fails to appear at a scheduled hearing, the clerk of the court shall notify the Division of Driver’s Licenses of the Department of Highway Safety and Motor Vehicles of such failure within 10 days after such failure. Upon receipt of such notice, the department shall immediately issue an order suspending the driver’s license and privilege to drive such person effective 20 days after the date the order of suspension is mailed in accordance with s. 322.251(1), (2), and (6).
(Emphasis added).