WELLS, Chief Judge.
The State appeals a trial court’s ruling granting defendant’s motion to dismiss and, citing section 318.15, Florida Statutes (2011), reducing the charge of unlawful driving as a habitual traffic offender in violation of section 322.34(5), Florida Statutes (2011), a third degree felony, to a second degree misdemeanor. We find State v. Wooden, 92 So.3d 886, 888 (Fla. 3d DCA 2012) determinative, and reverse on that basis.[1] As we stated in Wooden:
The issue is whether the term “[flailing to comply with a civil penalty required in s. 318.15,” § 322.34(10)(a)3„ includes by reference all the provisions of section 318.15, including the failure to appear at a scheduled hearing as involved in this case. Contrary to the ruling below, we think the answer is self-evidently no. Section 322.34(10)(a)3. simply does not say “those offenses contained in section 318.15.” It says only failure to comply with a civil penalty required in that section. Thus, it refers only to the civil penalty requirement and not to any of the others. See City of Miami v. Valdez, 847 So.2d 1005, 1008 (Fla. 3d DCA 2003) (“[W]hen a law expressly describes a particular situation where something should apply [here, non-compliance with a civil penalty], an inference must be drawn that what is not included by specific reference [here, failure to appear] was intended to be omitted or excluded.”); see also State v. Hearns, 961 So.2d 211, 219 (Fla.2007) (“Under the canon of statutory construction expres-sio unius est exclusio alterius, the mention of one thing implies the exclusion of another.”).
*259 It seems to us that the legislature, as it was clearly entitled to do, drew a distinction, which is decisive in this case, between a failure to comply with a civil penalty, which occurs when such a penalty has been validly assessed after trial or without contest, and the deliberate refusal to appear at a hearing, with its consequent disruption of the court’s process and which, it must be added, would actually preclude the valid assessment of a penalty because there would have been no trial in the first place.
Accordingly, we reverse the order below with instructions to reinstate the information.
Wooden, 92 So.3d at 888.
Because analysis in Wooden is controlling, the order under review is reversed and the case remanded with instructions to reinstate the information.

. In fairness to the trial judge, we observe that the order under appeal was rendered February 8, 2012. This court issued Wooden on July 11, 2012.