# Third District Court of Appeal

## State of Florida

Opinion filed August 30, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1180
Lower Tribunal No. 21-22094
_____

**Ekaterina Zakharova,**
Petitioner,

vs.

**Innovative Technologies & Consulting Limited Corp., et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, William Thomas, Judge.

Law Guard, and Mark W. Rickard (Plantation), for petitioner.

Patricia Gladson, General Counsel, and James D. Rowlee, Senior Court Legal Advisor, for respondent judge.

Before LOGUE, C.J., and MILLER, and BOKOR, JJ.

MILLER, J.

Petitioner, Ekaterina Zakharova, seeks relief in certiorari from an order denying her motion to extend the notice of lis pendens that she recorded with the clerk of court in conjunction with her equitable lien and fraudulent transfer claims in the circuit court.[1]  Because the trial court erroneously assumed it lacked authority to extend the already expired lis pendens, and denial of the motion poses a risk of irreparable harm, we grant the petition.

**BACKGROUND**

On September 28, 2021, Zakharova filed suit against respondents, her ex-husband Sergey Slastikhin and Innovative Technologies and Consulting Limited Corp., seeking to void a purported fraudulent transfer and impose an equitable lien on certain real property.  On October 4, 2021, she recorded a notice of lis pendens with the Miami-Dade County Clerk of Court.

The case was consolidated with foreclosure proceedings instituted by Great Ocean Properties, LLC, and a specific performance claim filed by Shemuel Maya and Diana Daniel.  Both disputes implicated the real property at issue in the instant case.  The trial court allowed Zakharova to intervene

---

[1] Zakharova also sought a writ of prohibition to disqualify the trial judge from further presiding over her dispute.  The judge has since rotated to a new division, rendering the petition for prohibition moot.  See, e.g., Wayland v. Wayland, 595 So. 2d 234, 235 (Fla. 3d DCA 1992) ("We denied the petition because the trial judge had been transferred to another division, thereby rendering the petition moot.").

in the foreclosure case for the limited purpose of claiming any surplus generated by a future sale of the property. Four days later, the court entered an agreed partial final summary judgment in favor of Great Ocean.

The parties subsequently attended mediation and negotiated a global settlement. Under the terms of the settlement, Great Ocean would reduce the amount of indebtedness, Zakharova agreed to accept reduced damages, Maya and Daniel were to buy the property from Slastikhin, and the monies due to Great Ocean and Zakharova would be derived from the proceeds of the sale.

The transaction did not close as contemplated, and Great Ocean procured a final judgment of foreclosure. On May 2, 2023, Zakharova filed a motion to extend the notice of lis pendens. She then entered into a new settlement agreement with Slastikhin wherein both parties agreed to the entry of a final judgment for damages. Maya and Daniel filed a motion seeking court permission to close without satisfying the terms of the settlement agreement. Zakharova, in turn, filed a motion seeking a determination the settlement had been breached.

The trial court convened a hearing on the motion to extend the notice of lis pendens. Zakharova argued an extension was necessary to ensure that the closing did not extinguish her interest in the property and allow junior

3

lienholders to assert a superior lien. Respondents, on the other hand, contended her interests were sufficiently protected by a future claim to any surplus generated by the sale. At the conclusion of the hearing, the court ruled it lacked authority to grant the motion because the notice of lis pendens had already expired. A motion for reconsideration proved fruitless, and this petition followed.

## STANDARD OF REVIEW

To obtain relief in certiorari, "[t]he petitioning party must demonstrate that the contested order constitutes '(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case[,] (3) that cannot be corrected on postjudgment appeal.'" Bd. of Trs. of Internal Improvement Tr. Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454 (Fla. 2012) (second alteration in original) (quoting Reeves v. Fleetwood Homes of Fla., Inc., 889 So. 2d 812, 822 (Fla. 2004)). The latter two prongs of the analysis are jurisdictional. Dade Truss Co. Inc. v. Beaty, 271 So. 3d 59, 62 (Fla. 3d DCA 2019).

## ANALYSIS

Section 48.23, Florida Statutes (2023), confers control over notices of lis pendens to the courts. The statute provides that "when . . . the underlying lawsuit is not founded on a 'duly recorded instrument' or a lien claimed under

4

part I of chapter 713, Florida Statutes (governing construction liens), 'the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.'" LB Judgment Holdings, LLC v. Boschetti, 271 So. 3d 115, 118–19 (Fla. 3d DCA 2019) (quoting § 48.23(3), Fla. Stat.). Such notices are "not effectual for any purpose beyond [one] year from the commencement of the action and will expire at that time . . . except when the court extends the time of expiration on reasonable notice and for good cause." § 48.23(2), Fla. Stat.

Although the statute implies the lis pendens notice automatically expires at the one-year mark, this court and others have uniformly concluded that a motion to extend a notice of lis pendens need not be filed within one year of commencement to justify relief. See Taylor v. Steckel, 944 So. 2d 494, 497 (Fla. 3d DCA 2006); J.B.J. Inv. of S. Fla., Inc. v. Maslanka, 163 So. 3d 726, 729 (Fla. 5th DCA 2015); Hallmark Builders, Inc. v. Hickory Lakes of Brandon, Inc., 458 So. 2d 45, 47 (Fla. 2d DCA 1984). Instead, consistent with the statutory framework, the trial court must examine whether the movant has provided reasonable notice and established good cause regardless of when the motion to extend is filed.

In view of these principles, the trial court in the instant case departed from established precedent in determining the requested extension was

procedurally barred. Further, Zakharova argued below that extending the notice of lis pendens was intended to serve the salutary threefold purpose "of protecting [future] purchasers or encumbrancers from becoming embroiled in the dispute, and of protecting the plaintiff from intervening liens that could impair any property rights claimed and also from possible extinguishment of the . . . unrecorded equitable lien." Chiusolo v. Kennedy, 614 So. 2d 491, 492 (Fla. 1993) (footnote omitted). Concomitantly, at that time, her "interest in the property was the same," if not more concrete, "as it was on the day the action commenced." Taylor, 944 So. 2d at 497. These unrefuted contentions establish a risk of irreparable harm.[2] Accordingly, we conclude "the necessity of protecting [Zakharova's] interests, putting third parties on notice of [her] pending claims, and preserving the court's authority to deal with the property remained unchanged and justified an extension." Id. We therefore grant the petition and quash the order under review.

Petition granted. Order quashed.

---

[2] Neither Slastikhin nor Innovative Technologies filed a response to the petition for writ of certiorari.

6