# Third District Court of Appeal

## State of Florida

Opinion filed February 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D24-2110
Lower Tribunal No. 18-22716-CA-01
_____

**Sandalwood 7160, LLC,**
Appellant,

vs.

**Gonzalo J. Estevez, et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

South Florida Appeals, PA, and Wm. Allen Bonner, for appellant.

Marcus Law Center, LLC, and Nicholas M. Vicente and Alan K. Marcus, for appellees.

Before EMAS, MILLER and BOKOR, JJ.

EMAS, J.

**INTRODUCTION**

Sandalwood 7160 LLC ("Sandalwood") seeks review of a postjudgment order denying its motion to toll the expiration of a lis pendens, during the pendency of its appeal of the final judgment. We reverse, and hold that Sandalwood's filing of the notice of appeal, while the lis pendens was still in effect, tolled the expiration of the lis pendens, pursuant to section 48.23(4), Florida Statutes, (2024) which provides that the period of time during which the lis pendens remains in effect "does not include the period of pendency of any action in an appellate court."

**FACTUAL AND PROCEDURAL BACKGROUND**

On July 3, 2018, Sandalwood filed a complaint, alleging Appellees entered into an agreement to sell several properties in Miami-Dade County for $2,725,000.00 but failed to close under the terms of the agreement and an addendum. Sandalwood sought, inter alia, specific performance. A notice of lis pendens for the properties was filed by Sandalwood the same day, and was extended several times during the pendency of the proceedings below.

After a nonjury trial, the trial court found in favor of Appellees and entered final judgment in their favor. Sandalwood filed a timely notice of appeal, and thereafter filed a motion in the trial court seeking a certification by the trial court that the filing of the notice of appeal effectuated a tolling of

2

the expiration date of the notice of lis pendens during the pendency of the appeal of the final judgment. The trial court denied that motion, determining in its discretion that the filing of the notice of appeal did not toll the expiration date of the notice of lis pendens. This appeal followed.[1]

**ANALYSIS AND DISCUSSION**

Section 48.23, Florida Statutes (2024) provides the procedure for, and effect of, the filing of a notice of lis pendens. In the instant case, it is undisputed that the action in the lower tribunal was not founded on a duly recorded instrument. For actions not founded on a duly recorded instrument,

---

[1] An order granting or denying a motion to dissolve lis pendens is typically rendered during the pendency of a proceeding in the trial court. However, the order on review in the instant case was entered after rendition of the final judgment, and is itself a final appealable order, as it "ends all judicial labor in the case." Almacenes El Globo De Quito, S.A. v. Dalbeta L.C., 181 So. 3d 559, 561 (Fla. 3d DCA 2015) (citing Miami-Dade Water & Sewer Auth. v. Metro. Dade Cnty., 469 So. 2d 813 (Fla. 3d DCA 1985)). Sandalwood's motion merely requested the trial court to confirm that the filing of the notice of appeal tolled the expiration date of the lis pendens during the pendency of that appeal. The trial court's order denying that motion was a final, postjudgment order as it constituted the end of judicial labor of the case, leaving no questions open for judicial determination. See ProntoCash, LLC v. Autoboutique of Miami, Inc., 336 So. 3d 1212, 1215 (Fla. 3d DCA 2021) ("To be deemed final, 'an order must demonstrate an end to the judicial labor.'" (quoting Hoffman v. Hall, 817 So. 2d 1057, 1058 (Fla. 1st DCA 2002) ("The traditional test for finality is whether the decree disposes of the cause on its merits leaving no questions open for judicial determination except for execution and enforcement, if necessary."))).

3

a notice of lis pendens expires one year after commencement of the action, unless the trial court, in its discretion, extends the time of expiration of the notice. As section 48.23(2) provides:

> A notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of the action . . . except when the court extends the time of expiration on reasonable notice and for good cause. The court may impose such terms for the extension of time as justice requires.

It is also undisputed that on several occasions the trial court, in the exercise of its discretion, extended the expiration date of the notice of lis pendens at the request of Sandalwood and without objection by Appellees. Ultimately, the trial court granted Sandalwood's final motion for extension, extending the expiration of the notice of lis pendens until July 12, 2024. Importantly, the order further provided that "should the Court enter a Final Judgment in this case before [July 12, 2024], then the Lis Pendens **will expire 30 days following** this Court's entry of a Final Judgment in this case." (Emphasis added).

The trial court did in fact enter a final judgment prior to July 12, 2024: Following the nonjury trial, the trial court entered final judgment for Appellees on December 26, 2023. Sandalwood filed a notice of appeal[2] on January 22,

---

[2] Sandalwood's appeal of the final judgment is proceeding separately in case number 3D24-0148.

4

2024—that is, the notice of appeal was filed during the 30-day period provided in the trial court's extension order, and thus before the date of expiration of the notice of lis pendens. In an abundance of caution, Sandalwood filed with the trial court a motion to "certify" that the filing of the notice of appeal tolled the expiration of the notice of lis pendens. The trial court held a hearing on November 19, 2024 and, believing it could exercise its discretion on Sandalwood's request, denied the motion to toll, citing the advanced age of one of the Appellees, and the fact that the case had been pending for six years.

The question presented is the construction and effect of section 48.23, Florida Statutes, upon Sandalwood's filing of the notice of appeal while the lis pendens remained in force. Because the issue involves the construction of a statute and a pure question of law, our standard of review is de novo. LB Judgment Holdings, LLC v. Boschetti, 271 So. 3d 115 (Fla. 3d DCA 2019) (construing section 48.23, Florida Statutes).

Sandalwood contends that, under section 48.23(4), the filing of the notice of appeal triggered a mandatory tolling of the notice of lis pendens during the pendency of the appeal. Appellees counter that the filing of the notice of appeal did not toll the time of expiration of the notice of lis pendens,

and that the trial court properly exercised its discretion when it denied Sandalwood's motion to certify the tolling of the notice of lis pendens.

We look first to the plain language of sections 48.23(2) and (4), Florida Statutes (2024) which provide:

> (2) A notice of lis pendens is not effectual for any purpose beyond 1 year from the commencement of the action . . . except when the court extends the time of expiration on reasonable notice and for good cause.  The court may impose such terms for the extension of time as justice requires.
>
> ***
>
> (4) This section applies to all actions now or hereafter pending in any state or federal courts in this state, **but the period of time specified in subsection (2) does not include the period of pendency of any action in an appellate court.**

The notice of lis pendens had not yet expired on the date Sandalwood filed its notice of appeal of the final judgment.  In light of that, application of the unequivocal language of section 48.23(4) is straightforward:  The filing of the notice of appeal effectively tolled the expiration of the lis pendens, because "the period of time" for which the notice of lis pendens is in effect "does not include the period of pendency of any action in an appellate court." § 48.23(4), Fla. Stat. (2024).

Because Sandalwood's notice of appeal was filed on January 22, 2024 (26 days into the 30-day period provided in the trial court's order), the notice

6

of lis pendens had not yet expired, and the time during the pendency of this appeal must be excluded from the computation.  See Vonmitschke-Collande v. Kramer, 841 So. 2d 481 (Fla. 3d DCA 2002); Hough v. Stewart, 543 So. 2d 1279 (Fla. 5th DCA 1989).  In theory, at least, four days remain (following the final disposition of this appeal) on the trial court's order extending the time of expiration of the notice of lis pendens.[3]

In its order, the trial court determined that although section 48.23(4) may allow for tolling of lis pendens during an appeal, such tolling is not mandatory and that the trial court had the discretion to allow or deny tolling

---

[3] In their brief, Appellees suggest that the parties "stipulated" to a date certain for the expiration of the notice of lis pendens, and that Sandalwood therefore waived any right to rely upon the mandatory tolling language of section 48.23(4).  However, the trial court did not make any finding of a stipulated date certain between the parties, nor any finding that Sandalwood waived application of the statute's mandatory tolling provision during a pending appeal.  We decline the invitation to make such a finding in the first instance, as it would require factual determinations, which are the domain of the trial court.  See Douglass v. Buford, 9 So. 3d 636, 637 (Fla. 1st DCA 2009) ("Sitting as an appellate court, we are precluded from making factual findings ourselves in the first instance."); Farneth v. State, 945 So. 2d 614, 617 (Fla. 2d DCA 2006) ("A fundamental principle of appellate procedure is that an appellate court is not empowered to make findings of fact.").

Appellees have also suggested (should this court determine that the expiration of the notice of lis pendens was tolled under section 48.23(4)) that we remand this cause to the trial court for a determination of a sufficient bond.  Our disposition of this appeal is without prejudice to Appellees seeking any proper relief in that regard, should the trial court maintain jurisdiction (or a temporary relinquishment granted by this court) during the pendency of the appeal in 3D24-0148 to consider such a request.

7

during the appeal. The trial court, in the exercise of its discretion, concluded the notice of lis pendens should not be tolled because of the substantial amount of time that had passed in the course of the litigation, as well as the advanced age of one of the Appellees. These are proper and laudable reasons for the exercise of discretion in determining whether to extend the expiration date of a notice of lis pendens.

However, in the instant circumstance, given Sandalwood's filing of the notice of appeal while the lis pendens was in effect, the trial court was without discretion to deny its consequent tolling of the expiration of the lis pendens. The trial court conflated the broad discretion to grant extensions of the expiration date of the lis pendens with the non-discretionary, mandatory tolling of the expiration of the notice of lis pendens triggered by the filing of a notice of appeal.

The trial court previously and properly exercised its discretion when it fashioned orders extending the expiration date of the notice of lis pendens. In doing so, the trial court determined that the expiration date should be the earlier of (1) July 12, 2024 or (2) the date of entry of final judgment plus 30 days. An order such as this, extending the expiration of a notice of lis pendens not founded on a duly recorded instrument, fell well within the scope of the trial court's broad discretion. Rodriguez v. Banco Indus. de Venezuela,

8

C.A., 576 So. 2d 870, 873 (Fla. 3d DCA 1991) ("When an action is not founded on a duly recorded instrument, the statute gives the trial court discretion to consider the extension and duration of the lis pendens on a case-by-case basis."); De la Fuente v. Adrian Devs. Corp., 967 So. 2d 251 (Fla. 3d DCA 2007) (same); see also LB Judgment, 271 So. 3d at 118-19; § 48.23(3), Fla. Stat. (noting that where lawsuit not founded on "duly recorded instrument," "the court shall control and discharge the recorded notice of lis pendens as the court would grant and dissolve injunctions.").

However, once the final judgment was entered on December 26, 2023, and a notice of appeal was filed within 30 days of the date of the final judgment (i.e., while the lis pendens was still in effect), the tolling of the expiration of the lis pendens (or more accurately, the exclusion of that period of time during the pendency of the appeal) was no longer subject to the trial court's exercise of discretion, but rather was mandated under the statute.

**CONCLUSION**

Sandalwood filed its notice of appeal of the final judgment prior to the expiration date of the lis pendens. Pursuant to section 48.23(4), Florida Statutes, (2024) Sandalwood's filing of the notice of appeal effectuated a tolling of the expiration date of the lis pendens, given the statutory language which provides that the period of time during which the lis pendens remains

in effect "does not include the period of pendency of any action in an appellate court." The trial court erred in denying Sandalwood's motion to certify the tolling of the expiration of the lis pendens during the pendency of the appeal in 3D24-0148.  We therefore reverse the order on appeal.

Reversed and remanded.